HOOKER *v.* CITY OF ROCHESTER.

*(Supreme Court, General Term, Fifth Department.* January 23, 1891.)

APPEAL—REVIEW—IRREGULARITIES.

The entry of a judgment, pursuant to an order theretofore made, without the proper findings, as required by Code Civil Proc. N. Y. § 972, is a mere irregularity, and cannot be corrected by an appeal from the judgment and order. The remedy in such case is by motion to vacate the judgment for irregularity.

Appeal from circuit court, Monroe county.

Action by James H. Hooker against the city of Rochester. From a judgment for $800 damages, besides costs, being the amount of a verdict on issues framed in an action for maintaining a nuisance, and by which also the defendant was permanently enjoined from continuing such nuisance after October 1, 1889, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*C. B. Ernst,* for appellant. *J. & G. Van Voorhis,* for respondent.

MACOMBER, J. This action was brought to obtain an injunction restraining the defendant from discharging sewage from North-Avenue outlet sewer, in the city of Rochester, into Hobbie creek, in the town of Irondequoit, which runs through the plaintiff's farm, consisting of 143 acres. Upon issues submitted to the jury at the circuit a verdict of $800 for the plaintiff was rendered, and subsequently, on application to the court at special term, judgment was directed to be entered thereon, and for an injunction perpetually restraining the continuance of the nuisance after October 1, 1889. After repeated decisions of this court and of the court of appeals, the question whether an action may be maintained for damages for discharging the sewage of this city through creeks of adjacent towns to the detriment of the lands along such creeks, together with an injunction restraining such unlawful use, can no longer be deemed open. *Hooker* v. *City of Rochester,* 37 Hun, 181, affirmed 107 N. Y. 676, 14 N. E. Rep. 610; *Gould* v. *Same,* 105 N. Y. 46, 12 N. E. Rep. 275; *Bell* v. *Same,* 11 N. Y. Supp. 305. But a point of practice is made by counsel for the appellant which deserves attention. After the coming in of the verdict an application was made to the special term for judgment for the damages found by the jury, and for other relief prayed for in the complaint. This motion was opposed, at least formally, by the defendant's counsel; but it was nevertheless granted, and judgment, in accordance with the directions contained in the order, was subsequently entered by the plaintiff's attorney *ex parte.* The position is now taken by the appellant that the issues relating to the right to the injunction should have been tried before the court without a jury, and a decision containing findings of fact and law, signed by the justice, rendered thereon. Such is the undoubted practice presented by section 972 of the Code of Civil Procedure, and for the sake of harmony of procedure it should have been adhered to in this instance. But the appellant is in fact responsible for the departure in practice, for no objection based on this ground was made to the granting of the order. A preliminary objection

of this character, interposed at that time, would have been effectual; but it was not made. On the contrary, the order was granted upon the merits of the case. The entry of the judgment without proper findings was merely an irregularity. An appeal from the judgment and order cannot remedy such irregularity. It was competent for the justice, as a part of the proceeding at special term, to make and sign his decision. The defendant's counsel doubtless had a right to assume that this step would be taken before the entry of the judgment. What, then, was his duty, when he found that the judgment had been entered *ex parte*, supported only by the order already made? It was to make a motion to vacate such judgment for irregularity, as was done in the case of *Hammond* v. *Morgan*, 101 N. Y. 179, 4 N. E. Rep. 328, and not by appeal. "The defendant," says the court in that case, "did not have a remedy for the error or irregularity he complained of by an appeal from the order of judgment. His only remedy was by motion." The judgment should be affirmed, with costs. All concur.