58 655
55e 510

THE VILLAGE OF SOUTH ORANGE, PLAINTIFF IN ERROR,
v. WILLIAM R. WHITTINGHAM, DEFENDANT IN ERROR.

Authority to a village to extend its sewer into and across the territory of an adjoining township (*Gen. Stat.*, *p.* 3739), does not authorize the construction of a sewer across the lands of a prosecutor lying in a township that at no point touches the boundaries of the village.

On error to the Supreme Court. For opinion of Supreme Court, see *Millburn* v. *South Orange*, 26 *Vroom* 254.

For the plaintiff in error, *James McC. Morrow* and *Henry Young.*

For the defendant in error, *R. Wayne Parker*, *Edward L. Price* and *Allan L. McDermott.*

The opinion of the court was delivered by

GARRISON, J.   This writ of *certiorari* brings up an ordinance passed by the board of trustees of the village of South Orange.   The purpose of the ordinance is to make a connecting sewer between the village of South Orange and a tract of land that it owns in the township of Millburn.

The proposed pipe line or sewer after leaving the village of South Orange crosses the township of South Orange until it reaches the township of Millburn, where it goes through the lands of the prosecutor.   The authority of the village to extend a sewer beyond its own boundaries is derived solely from the provisions of "An act to provide for drainage and sewerage in densely-populated villages in which there is a public water-supply."   *Pamph. L.* 1891, *p.* 122; *Gen. Stat., p.* 3739.

By force of section 4 of this statute a village of the sort described may, under certain circumstances, construct an extension of its main sewer "through and across the territory of an adjoining township or municipality, in, through, under and across the roads, streets and highways of such adjoining township or municipality, in such manner and to such point or place of discharge, and upon such terms or conditions as shall or may be mutually agreed upon by the governing body of such village and the proper municipal board of such adjoining township or municipality."

Beyond this grant of power, which is limited to the territory of "an adjoining township or municipality," there is no authority given to the village to extend its sewers beyond its own limits.

If, therefore, Millburn township does not adjoin the village that seeks to extend its sewer, there is no authority whatsoever for its construction at the point where it affects the prosecutor

of this writ. It is an admitted fact in the case that the proposed sewer will run through the township of Orange before it reaches Millburn; it is likewise admitted that Millburn township at no point touches the boundaries of the village, being separated from it by the township of South Orange, if a direct line be drawn, otherwise by other municipalities.

Two localities that are at every point separated from each other by the interposition of a third, would not commonly or aptly be described as " adjoining." If a meaning so contrary to the ordinary one is to be ascribed to this word in the present instance it must be compelled by the context. So far, however, from this being so, an interpretation that would make the more remote township the adjoining one would make the intermediate and actually contiguous township one that was not adjoining—a result sufficiently preposterous without adding that this construction of the act would empower the village to cross a township upon which it did not border, but would give it no power to cross the territory of the township that intervened. If this difficulty be surmounted, a further anomaly would be that the legislature in that case would have provided that the public highways of the non-contiguous municipality should be protected by a contract with its governing body, but would not have imposed any such duty with respect to the government of the township that would be first affected. If, however, this provision be deemed applicable to the contiguous township it must be because it is " the adjoining " one to the village, in which case it would scarcely be necessary to argue that the township to its further side does not adjoin the village. In fine, I cannot see how it is possible to hold in the present case that the township of Millburn adjoins the village of South Orange, without saying that the township of South Orange does not adjoin the village, unless it is by deciding that both townships adjoin the village; which is to deny to words any fixed or known meaning or to strip an important part of the enactment of all rational purpose.

Under the statute the prosecutor's land may be taken *in invitum.* In such case the right to exercise the sovereign

power should clearly appear, if not upon a strict, at least upon a fair construction of the language of the grant.

My conclusion is that no such authority is shown for crossing the land of the prosecutor in the township of Millburn. This is the only point decided, and leads to the affirmance of the judgment rendered in the Supreme Court, although upon a ground there argued but not passed upon by the opinion delivered in that court.    *26 Vroom* 254.

There were other points argued before this court that went beyond the case of the prosecutor and affected interests that were not represented; but as they were not necessary to the decision of the case in hand, they have not been considered.

*For affirmance*—GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, BOGERT, SIMS, SMITH, TALMAN.    8.

*For reversal*—DIXON, BROWN, KRUEGER.    3.