## FONDA, J. & G. R. CO. v. OLMSTEAD.

(Supreme Court, Appellate Division, Third Department. May 6, 1903.)

**1. SEWERS—RIGHT TO MAINTAIN—EASEMENT.**
    The right to maintain a sewer through the land of another is an easement in real estate, and can be only acquired by written conveyance.

**2. SAME—VERBAL CONSENT—LICENSE.**
    A landowner's verbal consent to the maintenance through his land of a sewer by another is a mere revocable license, which may be terminated by reasonable notice.

**3. TRESPASS—INJUNCTION.**
    Where one carries on a system of various petty trespasses on the property of another, the latter is entitled to an injunction.

Appeal from Special Term.

Action by the Fonda, Johnstown & Gloversville Railroad Company against John W. Olmstead. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before PARKER, C. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

J. Keck, for appellant.
Baker & Burton, for respondent.

KELLOGG, J. The Sacandaga Park appears to be a summer resort near the northern terminus of the plaintiff's railroad, lying on both sides of the railroad, and on the westerly bank of the Sacandaga river. A highway leading out of Northville also runs through it. The park is laid out into streets and driveways and building lots for cottages, and possesses the usual attractions to excursionists in the way of amusements. The defendant owns a lot known as the "Wilson Lot," within the park bounds. The lot fronts on Riverside Terrace, or Sacandaga street, and extends easterly to the river. On the north it is bounded by lands of the plaintiff. One of the matters complained of by the plaintiff is the cutting down of the fence built by plaintiff on the north side of this lot, and threats by defendant to cut down every fence there erected. At the foot of the lot on the river the defendant has a boat landing, and claims the right of access thereto over lands north of his lot; the claim being made that "Fifth Avenue," as appears by the maps, extends from the highway to the river. There is no evidence to support this contention, the map showing that this avenue ends at its junction with Riverside Terrace, or Sacandaga street, and that land between the end of this avenue and the river has been for many years used as a pumping station. The defendant also owns another lot, called the "Rialto," immediately north of what is called on the map "First Avenue." The Rialto fronts on the Northville highway, and extends to the river. About the division line between this lot and plaintiff's land there is no reason for dispute. In 1877 the plaintiff purchased from Joseph McCuen, the other admitted owner, the strip of land now called "First Avenue," extending from the highway to the river, and has ever since owned it. The

¶ 1. See Frauds, Statute of, vol. 23, Cent. Dig. § 94.

defendant, in 1899, purchased the Rialto lot, and his deed bounds it on the south by the strip of land owned by plaintiff, "and being separated therefrom by a wire fence." This fence the defendant cut down, and, on its being rebuilt by the plaintiff, the defendant again cut it down, and he threatens to remove every fence there constructed in the future. The defendant insists upon free access upon plaintiff's land for himself and his customers and patrons from the Rialto. This strip purchased by plaintiff in 1877 was never open as a highway.

As to the sewer, the evidence does not support the claim of plaintiff to maintain one across the Wilson lot, owned by defendant. The right to maintain a sewer through the land of another is an easement in realty, and can be acquired by written conveyance only. The verbal consent here shown amounts only to a revocable license. The defendant should not have been enjoined from interfering with this sewer after a reasonable notice to plaintiff to remove or to cease to use it.

I think the action is maintainable in this form. It is evident that defendant intended to carry on a system of petty annoyances, which would result in loss to plaintiff and profit to defendant. The defendant did not avail himself of any application to the courts to establish any of his claims. He seems to have regarded physical force as his best means of redress.

I advise a modification of the judgment, striking out all reference to a sewer, and, as modified, affirmed, without costs to either party. All concur.