## DEYO et al. v. CITY OF NEWBURGH.

(Supreme Court, Appellate Division, Second Department. May 6, 1910.)

1. MUNICIPAL CORPORATIONS (§ 623*)—ESTABLISHMENT OF SEWER—SUPPRESSION OF NUISANCE.
     Where a city located part of a sewer outside its limits, within the limits of an adjacent town, the health authorities of the latter, if the sewer worked a nuisance, could suppress it.
     [Ed. Note.—For other cases, see Municipal Corporations. Dec. Dig. § 623.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

**2.** MUNICIPAL CORPORATIONS (§ 277*)—PUBLIC IMPROVEMENTS—POWER TO MAKE IMPROVEMENT—EXTENSION BEYOND CITY LIMITS.

Under Laws 1893, c. 49, authorizing the construction of a sewer in the city of Newburgh, and providing that the common council could enter upon and take such lands as might be necessary, the city had no authority to acquire an easement from the owner of land outside the city limits within the limits of an adjacent town, nor to construct the sewer therein.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 732; Dec. Dig. § 277.*]

Appeal from Special Term, Orange County.

Action by Robert E. Deyo and another against the City of Newburgh. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Henry Kohl, Corp. Counsel, for appellant.

Charles F. Brown (George R. Brewster, on the brief), for respondents.

JENKS, J. The defendant appeals from a judgment of the Special Term that declares void certain assessments on plaintiffs' realty for a public sewer and avoids the sale of the realty in proceedings to collect certain instalments of the assessment. We think that the judgment must be affirmed. The opinion at Special Term so thoroughly discusses the questions there presented as to render any expression on our part unnecessary, save upon a single feature of the case that does not impress us as it did the learned trial court.

The sewer was authorized by a special act, entitled "An act to provide for the construction of a sewer in the city of Newburgh" (chapter 49, Laws 1893). It appears that more than 1,200 feet of the sewer were constructed as an open canal of wood, in place of the closed cast iron pipe called for by the original contract for the work. This part of the sewer was built outside of the city limits and within the limits of an adjacent town. The learned Special Term in its opinion says:

"It appears, however, that before constructing that portion of the sewer the city obtained from the owner of the land a permanent easement to construct and maintain the sewer upon the line actually used; and I do not see how, under those circumstances, any harm can possibly result from the bounds of the city having been technically overpassed by this portion of the sewer."

But the result of this location was a sewer which, if it worked a nuisance, could be suppressed by the health authorities of that town. See section 21, c. 661, Laws 1893; Laws 1909, c. 49 (Public Health Law, Consol. Laws, c. 45) art. 1, § 21; Gould v. City of Rochester, 105 N. Y. 46, 12 N. E. 275. We cannot say that the exercise of such power is improbable in this instance, in view of the testimony as to the working of this part of the sewer and the consequent discharge therefrom. Further, the statute but empowered the common council to construct a trunk sewer "in said city." Despite that limitation, 1,200 feet of the sewer were built outside of the city upon lands wherein the authorities were granted a perpetual easement for such sewer purposes by the owner of said lands. This easement is property in land. Washburn on Easements and Servitudes, 6, 7, 27; Arnold

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Hudson River Railroad Co., 55 N. Y. 661; Fonda, J. & G. R. R. Co. v. Olmstead, 84 App. Div. 127, 81 N. Y. Supp. 1041. We are not referred to any authority in the city or its officers to acquire land outside of the city limits for this purpose. It is not to be implied from the provision of the statute that the common council "could enter upon and take such lands as may be necessary," for the reason that, even if such expression is not limited to lands within the city limits by the general authority therein expressed, which is but to build the sewer in said city, we cannot infer that lands outside the city limits were necessary, inasmuch as the original plan laid a way in this very locality within the city limits, at a distance varying only from 15 feet to 90 feet, and the deviation was not due to any difficulty in that plan, but to an entirely different reason not related to the work. We think, then, that under such circumstances the city authorities were powerless to acquire such easement, and that the grant thereof was void. Riley v. City of Rochester, 9 N. Y. 64.

These are the reasons why we cannot agree that no harm could possibly result when the authorities, under the guise of this statutory power to build a sewer, may have created a nuisance, and have placed their sewer upon lands whereon they had no legal right to enter.

The judgment should be affirmed, with costs. All concur.