PLAINFIELD-UNION WATER COMPANY, RESPONDENT, v. THE INHABITANTS OF THE CITY OF PLAINFIELD, APPELLANT.

Argued March 14, 1913—Decided June 18, 1913.

1. The act of 1888, entitled "An act to authorize any of the municipal corporations in this state to contract for a supply, or a further or other supply, of water therefor," the act relating to boroughs, and the act relating to townships—which authorize townships, boroughs and other municipalities to make contracts with water companies for a water-supply—do not extend the powers of such companies beyond those which were conferred upon them by their respective charters or the general acts under which they were incorporated. The right of contract conferred upon municipalities by those statutes is not a right to contract for a water-supply with any and every company of the state, but only with such company or companies as have had conferred upon it or them the power to make such contract with the municipality.

2. A water company was incorporated by the legislature under a special charter, the title to which expressed the object of the legislature to provide a water-supply for the town of P. "and towns adjacent." At the time of the enactment of the charter there were no municipalities incorporated as towns by that name

whose borders abutted upon those of the town of P., such abutting municipalities being, all of them, townships. *Held*, that, by use of the words "towns adjacent" the legislature intended to designate those municipalities whose boundaries at some point came in actual contact with those of the town of P.

3. A water company which is formed by the consolidation of two previously existing companies of the same character is, by statute of this state, clothed with all of the powers, rights, privileges and franchises of the two corporations which have been merged into it.

On error to the Supreme Court, whose opinion is reported in 54 *Vroom* 332.

For the appellant, *William M. Stillman* and *Albert C. Wall*.

For the respondent, *Frank Bergen* and *Gilbert Collins*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is a *certiorari* proceeding. The writ brings up for review an order made by a justice of the Supreme Court appointing commissioners to condemn a part of the property and franchises of the Plainfield-Union Water Company, on the petition of the inhabitants of the city of Plainfield. The water company is a corporation formed by the consolidation of the Plainfield Water Supply Company and the Union Water Company, under and pursuant to legislative authority conferred for that purpose by sections 104 *et seq.* of the General Corporation act. *Comp. Stat., p.* 1659. The Plainfield Water Supply Company was created in 1869 by special charter, the title of which is "An act to supply the town of Plainfield, Union county, and towns adjoining with water for public and private use." The Union Water Company was created in 1870 by a special charter entitled "An act to incorporate the Union Water Company." The property and franchises sought to be acquired by the city of Plainfield through the present condemnation proceedings are a part, not all, of what was turned over to the consolidated company by the Plainfield Water Supply Company at the time of the merger. The city rests its claim of right to condemn that

part of the property and franchises of the original Plainfield Water Supply Company, which it now seeks to acquire, upon the act of 1876 (*Comp. Stat., p.* 823), entitled "An act to enable cities to supply the inhabitants thereof with pure and wholesome water." At the time of the institution of these proceedings the Plainfield-Union Water Company was under contract obligation, not only with Plainfield but with various other municipal bodies in the county of Union, to furnish the public authorities and the inhabitants with a water-supply. Some of these contracts were made by the Plainfield Water Supply Company, and some by the Union Water Company, prior to the consolidation, and others by the present corporation after that event.

The Supreme Court, in an opinion containing a full discussion of the law and the facts, reached the conclusion—*first,* that these several municipal contracts were, each of them, entered into by the respective parties by legislative authority; that they not only gave the several municipalities a right to the supply of water provided therein and thereby, but created a public duty on the part of the several water companies making them to supply the consumers in the several municipalities, and that the performance of this duty, by the consolidation, now rests upon the Plainfield-Union Water Company; *second,* that although the legislature might authorize one public agency to condemn property already devoted to a public use by another public agency, the intention to grant such authority must be manifested in express terms, or by necessary implication; and that the act of 1876, which enabled cities to supply the inhabitants thereof with pure and wholesome water, discloses no intention on the part of the legislature to permit one of several municipalities, which are being supplied with water by a private corporation under legislative authority, to acquire by condemnation, either in whole or in part, the water-supply plant and franchises of such corporation.

We fully concur in the conclusion reached by the Supreme Court, and also in the reasoning of its opinion delivered in the case, except in the following respect: In considering the

question whether the original companies, and afterward the consolidated company, had legislative authority to make the several municipal contracts to which reference has already been made, the court concluded that it was unnecessary to determine whether the charter of the Plainfield Water Supply Company, and that of the Union Water Company, conferred such authority, for the reason that—as it considered—the necessary authority for that purpose was conferred by the provisions of the act of 1888 entitled "An act to authorize any of the municipal corporations of this state to contract for a supply, or a further or other supply, of water therefor" (*Comp. Stat., p.* 3647), the act relating to boroughs (*Comp. Stat., p.* 268) and the act relating to townships (*Comp. Stat., p.* 5599), when read together. The several acts referred to by the Supreme Court authorize boroughs, townships and other municipal corporations to make contracts with water companies for a water-supply, but do not extend the powers, privileges and franchises of such companies beyond those which were conferred upon them by their respective charters, or the general acts under which they were incorporated. In other words, the right of contract conferred upon the municipalities by these statutes is not a right to contract for a water-supply with any and every company of the state, but only with such company or companies as have had conferred upon it or them the power to make such a contract with the municipality. If it be thought that the language of the various statutes referred to by the Supreme Court may be fairly construed as conferring upon the various water companies of the state power to make contracts not authorized by their respective charters, or the general laws under which they are incorporated, the answer is that such power cannot be so conferred. *Camden and Atlantic Railroad Co.* v. *Mays Landing, &c., Railroad Co.,* 19 *Vroom* 559. In that case the question involved was the validity of a lease made by the Mays Landing company to the Camden and Atlantic company. The charter of the lessor company contained a grant of power "to lease its railroad to any other railroad company *which is hereby authorized to take such lease."* This court held that, although

the language was unquestionably broad enough to confer upon both companies the power requisite to enter into a valid contract for a lease, the grant of authority to the lessee to take a lease was, nevertheless, invalid, for the reason that the legislature could not confer such authority upon it by an act which did not express such a purpose in its title. The applicability of the decision to the present case is apparent.

But we consider that the power to make these several contracts was conferred upon these companies by their respective charters. Those which were entered into by the Plainfield water company were with municipal corporations located in townships which, when its charter was granted, adjoined the town or village (now city) of Plainfield. The title of its charter has already been quoted and shows that the object for which it was incorporated was the supplying not only of Plainfield but of "towns adjoining" with water. What were the "towns adjoining" referred to by the legislature? What was meant by "adjoining," and what by "towns?"

In *State* v. *Brown*, 3 *Dutcher* 13, the Supreme Court had before it for consideration the meaning to be attributed to a legislative grant of wharf privileges to owners of lands "adjoining the shore line of tidal waters;" the shore line having been defined by the act to be ordinary high-water mark. The court held that the word "adjoining" signified lands bounding on the high-water line. This court, in *Yard* v. *Ocean Beach Association*, 4 *Dick. Ch. Rep.* 306, cited State *v.* Brown with approval, pointing out that the word "adjoining" implied a closer relation than "adjacent," and holding that when it was used with relation to land it indicated absolute contract and excluded the idea of any intervening space. In *South Orange* v. *Whittingham*, 29 *Vroom* 655, we held that legislative authority conferred upon a village to extend its sewer "through and across the territory of an adjoining township" did not authorize its construction across lands lying in a township that at no point touched the boundaries of the village. These authorities settle the meaning to be given to the word "adjoining" when used in connection with land boundaries, unless a different meaning is required by the context; and this is

not the case with either the title or the body of the charter of the Plainfield Water Supply Company.

At the time when this company's charter was granted there were no incorporated towns whose boundaries "at any point" touched the exterior lines of Plainfield. It is clear, therefore, that the legislature, in using the words "towns adjoining," did not intend municipal corporations of that character; and the fact that the word "towns" was used does not make this conclusion doubtful, for, as will appear from an examination of the decisions of our courts upon this point, most of which are referred to in *Brown* v. *Union*, 33 *Vroom* 142, the word "town" is frequently used by the legislature in a broad and generic sense, for the purpose of embracing all or any one of the whole range of bodies corporate, less than counties, established for local government. The proofs in the case disclose that the only municipal corporations whose boundaries adjoined those of Plainfield were townships; and this being so, the conclusion necessarily follows, we think, that the intention of the legislature by the use of the words "towns adjoining" was to confer upon the Plainfield Water Supply Company the right and privilege of supplying water to townships whose borders touched those of Plainfield; and that, consequently, that company had a legal right to enter into the contracts which it made prior to its merger into the Plainfield-Union Water Company.

The Union Water Company by its charter was authorized to supply water to the inhabitants and corporate authorities of any place in the county of Union, and it is not suggested that the contracts made by it, prior to the merger, were *ultra vires;* for all of the municipalities with which it contracted were within that county.

The present corporation, the Plainfield-Union Water Company, was, by the act of consolidation, clothed with all the powers, rights, privileges and franchises of each of the specially chartered corporations which were merged into it (*Gen. Corp. Act,* §§ 106, 107; *Comp. Stat., p.* 1661), and was, consequently, authorized to make agreements for a water-supply with any of the municipalities with which either of its

constituent companies could contract; or. in other. words, with any municipality in the county of Union, or with any township (or municipality therein) which is located outside the county, but whose boundaries adjoined those of Plainfield at the time of the granting of the Plainfield Water Supply Company charter.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, MINTURN, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 12.

*For reversal*—None.