EDWARD GIBSON, Plaintiff, *v.* VILLAGE OF MASSENA, Defendant.

(Supreme Court, St. Lawrence Trial Term, December, 1919.)

Specific performance — when will not be decreed — contracts — villages.

> Specific performance will not be decreed of a contract made by the board of trustees of an incorporated village for the purchase of land *outside* of the village for the purpose of the establishment of a public dump.

ACTION for specific performance.

Frank L. Curley, for plaintiff.

Andrew J. Hanmer, for defendant.

WHITMYER, J.   The action is for specific perform-
ance.   Defendant is a municipal corporation, a village,
in the town of Massena, St. Lawrence county, N. Y.
On June 5, 1918, plaintiff signed a writing by which
he agreed to sell about two acres of his wife's lands,
situate in the town of Norfolk, in said county, and a
right of way thereto from the highway, to defendant,
for use as a public dumping ground.   The purchase
price was to be the sum of $500 and was to be paid at
the time of the delivery, which was not fixed, of a war-
ranty deed thereof, free from liens.   Defendant did not
sign.   The village attorney prepared the writing and
the village president brought it to plaintiff for his sig-
nature.   After he signed, the president took it and
delivered it to the village clerk at the next regular
meeting of the board of trustees of the village and
it has been in the possession of the clerk ever since.
The morning after plaintiff signed, the village presi-
dent directed the licensed truckmen of the village to
carry their refuse to and to dump same upon the land
and he showed one or more of them where to dump.
They did so and they continued to do so for about four
weeks and during that time dumped about 200 loads.
Within a few days after they commenced, an adjoining
owner complained to the village board.   As a conse-
quence, the trustees refused to take the land and one
of them attempted to effect a settlement, but plaintiff
insisted upon performance and tendered a deed, signed
by his wife and by himself.   He then commenced this
action.   The Village Law, section 89, subdivision 23,
provides that the board of trustees of a village " may,
whenever in its judgment the interests of the village
require it, purchase or acquire by condemnation pro-
ceedings lands for the establishment of a public dump
or dumping ground in any such village, and may pro-
hibit the use of any other lands within the village for

such purpose.'' The section defines and at the same time limits the powers of a village board. It authorizes only the purchase of lands '' in the village '' for the establishment of a public dump and the power to purchase outside of the village for that purpose may not be implied. *Riley* v. *Rochester,* 9 N. Y. 64; *Deyo* v. *Newburgh,* 138 App. Div. 465; 3 Dillon Mun. Corp. (5th ed.) § 980; 28 Cyc. 604. Being prohibited from purchasing and, therefore, from contracting to purchase land outside of the village for the purpose stated, specific performance may not be enforced.

Judgment accordingly.