JAMES SMITH, PLAINTIFF-APPELLANT. v. THE CITY OF CAMDEN, A MUNICIPAL CORPORATION, AND CHARLEY GRIP, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, JOINTLY AND SEVERALLY, DEFENDANTS-RESPONDENTS.

Argued May 23, 1935—Decided October 9, 1935.

For the plaintiff-appellant, *Walter S. Keown* and *William A. Early King.*

For the respondent City of Camden, *Starr, Summerill & Lloyd* (*Alfred E. Driscoll,* of counsel).

For the respondent Charley Grip, Incorporated, *Bleakly, Stockwell & Burling* (*Albert E. Burling,* of counsel).

PER CURIAM.

This is an appeal from a judgment of nonsuit entered in the Supreme Court, Camden Circuit, in favor of the defendants, the city of Camden, a municipal corporation, and Charley Grip, Incorporated, a corporation.

The facts are that the city of Camden is the owner of a building known as Convention Hall which, together with the equipment contained therein, it leased to the defendant Charley Grip, Incorporated, which was in the business of promoting professional sports, such as wrestling and the like.

The plaintiff, James Smith, was a patron at one of these wrestling exhibitions on February 29th, 1932, and, having purchased his ticket, proceeded to a seat in the topmost row of seats that are described as those of the "circus type." The seating arrangement consisted of a system of laying loose planks or boards which were set on supports that graduated from the floor backward. The seats were not fastened or nailed to the supporting pieces and the last row, at least, had no back support. The plaintiff, together with other patrons seated on the same plank, fell from the topmost section and sustained injuries for which he seeks damages.

As to the city of Camden, there is no proof whatever of any negligent conduct on its part. There is no evidence to

connect the city in any way with the seating arrangement on this occasion. Apparently the seats were of the type that might be set up in sections and the boards upon which patrons sat were movable. There was evidence that they were not nailed to the uprights but there was no evidence that they should have been. There was no testimony to show that the seating arrangement was any other than a standard seating arrangement of its kind or that the construction was other than of an approved type.

The trial court correctly disposed of the matter in granting a nonsuit as to the City of Camden. As to the appeal by the plaintiff from the action of the court in directing judgment of nonsuit in favor of the defendant Charley Grip, Incorporated, the judgment will be affirmed solely because the judges are equally divided on the question of whether such judgment should be reversed.

Judgment affirmed, with costs.

On appeal from judgment for city of Camden:

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.

On appeal from judgment for Charley Grip, Incorporated:

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, HETFIELD, DEAR, WELLS, JJ. 7.

*For reversal*—TRENCHARD, PARKER, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, JJ. 7.