49 N.J. Super. 293 (1958)
139 A.2d 584
BOROUGH OF VERONA, A MUNICIPAL CORPORATION, PLAINTIFF,
v.
TOWNSHIP OF CEDAR GROVE, A MUNICIPAL CORPORATION AND RAYMOND M. URQUHART, TOWNSHIP MANAGER, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 14, 1958.
*294 Messrs. Camarata and Colonna, attorneys for plaintiff.
Mr. Joseph M. Nolan, attorneys for defendants.
COLIE, J.S.C.
This suit was instituted as a complaint in lieu of prerogative writ, but the relief demanded was injunctive and for a declaratory judgment. By stipulation, both parties moved for summary judgment on the pleadings, agreed facts and exhibits. Briefs were filed and argument had.
Verona and Cedar Grove are adjacent municipalities, the line dividing them running roughly parallel with Bentley *295 Road in Cedar Grove. In Verona, Westland Road presently ends at the borough line, and directly across the borough line in Cedar Grove lies Lot 7 in Block 18, having approximately 50 foot frontage on Bentley Road. In March 1954 Verona purchased this lot from the then owner. Prior to the purchase, and on March 1, 1954, Durante, the then owner of Lot 7, Block 18 in Cedar Grove, and Verona entered into an agreement reciting that whereas the mayor and council of Verona deemed it advantageous to open and construct Westland Road from the borough line to Bentley Road in Cedar Grove, Durante agreed to pay the full cost of the construction of the proposed extension. The agreement between Durante and Verona further recited that "If necessary, the said John J. Durante will obtain the approval of the proper authorities of the Township of Cedar Grove in connection with the improving of the street aforesaid." On March 3, 1954 Verona passed a resolution that Westland Road be opened and constructed, that the cost be paid by Durante, and reciting that Durante, if need be, shall obtain the approval of Cedar Grove for the proposed extension. Some time prior to the institution of the present suit Verona informed Cedar Grove of its intention to lay out and improve the proposed extension of Westland Road, and negotiations were had which resulted in the passage of a resolution by Cedar Grove, granting Verona permission so to do upon certain conditions. Subsequently, that resolution was rescinded because of the inability of Verona to comply with the conditions therein called for.
In its prayer for relief Verona asks that the defendant be restrained from instituting proceedings having for their object an injunction restraining or preventing Verona from constructing the proposed Westland Road extension. As to this prayer, it is elementary that injunctive relief cannot be granted against some unspecified future action on the part of Cedar Grove. Its next prayer for relief is for a declaratory judgment declaring the rights of the parties to lay out, open and construct proposed Westland Road extension. Verona claims the right to extend *296 Westland Road by virtue of N.J.S.A. 40:56-2, the pertinent portion of which reads as follows:
"Whenever the governing body of a municipality may deem it advantageous to lay out, open and construct a public street or highway through such municipality into and through an adjoining municipality in order to connect any street or highway therein with a street or highway in the first municipality, it may acquire the necessary land in such adjoining municipality by purchase or condemnation, and lay out, open and construct such street or highway as it may deem necessary.
The laying out, opening and construction of such street or highway may be carried out as a local improvement and the benefits therefrom assessed on any lands or real estate benefitted thereby in the municipality laying out, opening and constructing such street or highway."
and it argues that it has authority to acquire the land on which to extend Westland Road by virtue of N.J.S.A. 40:56-7.
"Any municipality may purchase, condemn, or otherwise acquire any real estate or right or interest therein, useful or necessary for the making of such improvement, located within or without the municipality, and any personal property, useful or necessary therefor, may hire and employ all such engineers, surveyors, officers and employees; construct or cause to be constructed any work or thing deemed necessary for the making of any such improvement; enter into any contract or agreement for the acquisition of any such property or the construction of any such work, and do all other acts necessary to carry on, complete, maintain and operate any such improvement."
On the basis of these statutes Verona argues that it is under no necessity to obtain either the consent of Cedar Grove to the proposed extension or to comply with the ordinances of Cedar Grove; this argument proceeding along the line that if such permission or compliance were necessary, the Legislature would have so stated, and cites Passaic Jr. Chamber of Commerce v. Passaic Housing Authority, 45 N.J. Super. 381 (App. Div. 1957). In that case, the statute under consideration was N.J.S.A. 55:14A-11 which provided: "All housing projects of an authority shall be subject to the planning, zoning, sanitary and building *297 laws, ordinances and regulations applicable to the locality in which the housing project is situated. * * *" The argument is that since the Legislature in N.J.S.A. 55:14A-11 provided that housing authorities were subject to local ordinances and regulations, and the statutes that Verona relies upon do not expressly provide for compliance with local ordinances, that therefore the Legislature meant to provide in a case such as this that Verona is exempt from the local ordinances. It also relies upon Aviation Services v. Board of Adjustment of Hanover, 20 N.J. 275 (1956). In that case it was held that the Morristown airport, although located within the boundaries of Hanover Township, was not subject to the latter's zoning ordinances. At page 282 of 26 N.J. the court said:
"* * * where the immunity from local zoning regulation is claimed by any agency or authority which occupies a superior position in the governmental hierarchy, the presumption is that such immunity was intended in the absence of express statutory language to the contrary. * * * There is no basis for the presumption where, as here, the element of superior governmental status is not present. * * *"
Here, again, the argument is an argument from analogy.
The Supreme Court has suggested the answer to the present problem in Hackensack Water Co. v. Ruta, 3 N.J. 139 at page 146 (1949), in the following language:
"The State has sovereign and absolute jurisdiction and control of the roads, streets and highways within its borders. Supervision and control of public highways is exercisable directly by the Legislature, and indirectly by the municipalities and other local governmental agencies to whom the power has been delegated."
There is no doubt but that Cedar Grove has supervision and control of all public highways within its limits, but supervision and control must be exercised reasonably.
Accordingly, the judgment of the court is that the complaint is dismissed without costs.
The court feels that this situation is unfortunate, but on the case presented it has no alternative other than that *298 taken, regrettable as the result may be. It may well be that if Verona passes an ordinance dedicating Lot 7, Block 18, as a public street and conforms with N.J.S.A. 40:67-1 et seq. and any applicable ordinances of Cedar Grove, it, Verona, would then be in a position where its rights could be established in a judicial proceeding. It seems clear that if Verona proceeds along the lines suggested and makes application for a permit under the Cedar Grove ordinance regulating the opening and improving of streets, and such permit is denied, then Verona will be in a position to attack the denial as unreasonable. The court cannot refrain from commenting that this impasse can readily be avoided if the governing body of Cedar Grove will approach the problem with an open mind. That such has not been the approach up to now is evident from condition No. 3 in Cedar Grove's resolution dated December 4, 1956, which provides that "the proposed street be made one way in both directions  easterly into Cedar Grove and westerly into Verona."