**CITY OF PLANO, Texas, Appellant,**

v.

**CITY OF ALLEN, Texas, Appellee.**

No. 16602.

Court of Civil Appeals of Texas.

Dallas.

Oct. 22, 1965.

Rehearing Denied Nov. 19, 1965.

John Fox Holt, H. Louis Nichols, and Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Abernathy & Orr, McKinney, and Harvey L. Davis, Dallas, for appellee.

DIXON, Chief Justice.

The City of Plano, Texas, a home rule city, filed suit for a declaratory judgment to determine whether the nearby City of Allen, Texas, a general law city, has a right to construct and maintain a sewage disposal plant within the city limits of Plano without obtaining the consent of the governing body of the latter city.

The trial court rendered judgment declaring that the City of Allen does have the right to acquire property within the city limits of the City of Plano by eminent domain, and is authorized to locate a sewage disposal plant and connecting sewer mains within the city limits of Plano without first obtaining the consent of the City of Plano to do so.

The material facts are undisputed. Both cities are situated in Collin County, Texas. Since 1960 the City of Allen has experienced and in the near future will probably continue to experience a rapid growth in population. Faced with the need of enlarging its sewage disposal facilities to meet the requirements of its future growth the City of Allen employed engineers to survey the situation and present recommendations for the solution of the problem.

The engineers recommended that a new and larger disposal plant be constructed on Cottonwood Creek at a site some distance South and outside of the city limits of Allen, and some distance North and outside the city limits of Plano. The City of Allen approved the recommendations of the engineers and began negotiations with property owners with a view of acquiring title to the land in question for the location of the new sewage disposal plant.

Upon learning of the desire of the City of Allen to construct and maintain a sewage

disposal plant at the indicated site the City of Plano passed an ordinance annexing the land in question. The proposed site is now entirely within the city limits of the City of Plano. Meantime the City of Allen has begun condemnation proceedings looking to the acquisition of the property in controversy for sewage disposal purposes.

In its one point on appeal appellant City of Plano asserts that the trial court erred as a matter of law in holding that appellee City of Allen has the right to construct and maintain a sewage disposal plant and connecting mains within the city limits of the City of Plano without first obtaining the consent of the governing authorities of the latter city.

In its only counterpoint the City of Allen contends that the discretionary power granted by statute to the City of Allen to select a proper site for a sewage treatment plant could not be foreclosed by the City of Plano's subsequent annexation of the site.

■ Though the City of Allen in its brief expresses the opinion that the annexation of the property by the City of Plano was invalid, it assumes for the purposes of this appeal that the annexation was valid. So far as the record shows no quo warranto proceedings have been filed, as is required to test the validity of the annexation. Graham v. Greenville, 67 Tex. 62, 2 S.W. 742; Phillips v. City of Odessa, Tex.Civ. App., 287 S.W.2d 518; Forbes v. City of Houston, Tex.Civ.App., 304 S.W.2d 542.

In support of their respective contentions both appellant and appellee cite the holding in City of New Braunfels v. City of San Antonio, Tex.Civ.App., 212 S.W.2d 817. That case is not in point here. The New Braunfels case involved the exercise by the City of San Antonio of a proprietary function—the ownership of an electric power plant. Furthermore, the court held that the City of New Braunfels knew when and how the City of San Antonio acquired the property in question and thereafter accepted benefits, thus estopping itself to deny that it had consented to the arrangement.

■ Authorities differ in the various jurisdictions as to whether the power of a municipality to construct and maintain sewerage systems is exercised in a governmental or proprietary capacity. 63 C.J.S. Municipal Corporations § 1049a, p. 655. In Texas it is well established that the exercise of such a power is a governmental, not a proprietary, function. Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W. 2d 565; City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872; City of Wichita Falls v. Robison, 121 Tex. 133, 46 S.W.2d 965; Gregory v. City of Garland, Tex.Civ.App., 333 S.W.2d 869, 873, 876.[1] In this opinion we do not pass on the question whether a city in the exercise of its proprietary powers may construct a facility in another city without the latter's consent.

Both general law cities and home rule cities are authorized to own land within or without the city limits for the purpose of owning and operating sanitary sewers, and may regulate and control same in a manner to protect the interests of such cities. They may extend the lines of the system outside the city limits. Art. 1108, Sections 1, 2, 3 and 4, Vernon's Ann.Civ.St. See also Articles 1107, Sec. 4, 1109b and 1015, Sec. 25, V.A.C.S.

The Texas statutes do not expressly grant to any municipal corporation the right to own and operate a sewage disposal plant, with connecting lines, within the city limits of another city without the latter's consent. If such authority exists at all in Texas it must be by implied authority. We have not been cited to any Texas decision so holding and we have found none.

---

1. The ownership and operation of gas distribution systems, water systems, electric power systems, bus lines and other activities are authorized but it has been held that such authority is exercised by a city in its propriety capacity. See 39 Tex.Jur. 2d 638.

We have found a number of holdings from other jurisdictions, but none is exactly in point. They all turn on the interpretation or application of a particular statute.[2]

In the case of Barton Township v. Hamilton, 18 Ont.Rep. 199 (Canada, 1889) the court construed a statute which expressly gave a municipality the right to extend sewer lines into an *adjoining* municipality. It was held that the right was not absolute but was subject to mutual agreement, or if opposed, subject to arbitration.

Our view in this case is well expressed in a statement from the Barton Township case, supra, as quoted in 101 A.L.R. 430:

"If the matter is doubtful as to whether one municipal corporation has or has not the right of its own motion to enter upon the boundaries of another in the pursuance of public undertakings, that doubt should be resolved adversely to any ex parte exercise of power."

Plano is a home rule city. As such it is given statutory authority to prohibit the use of any street, alley or highway of the city by any character of public utility without the consent of the city; to have control and jurisdiction of its streets and alleys; to control, regulate and remove obstructions on its streets and alleys; to widen, alter, or straighten its streets and alleys; and to vacate, abandon and close streets and alleys. Art. 1175, Sections 12, 16 and 18, V.A.C.S.; 39 Tex.Jur. 641. The charter of the City of Plano contains appropriate provisions implementing such statutory authority.

It is true that the right of cities to control the streets and alleys within their boundaries has been somewhat abridged by the pas-sage by the Legislature of Articles 6674w–1 and 6674w–5, V.A.C.S. Our Supreme Court in State of Texas v. City of Austin, 160 Tex. 348, 331 S.W.2d 737, has held that the statutory power of cities to control utilities has been modified by special statutes dealing with the relocation of utilities necessitated by the improvement of any highway as part of any system of interstate defense highways. Such relocation is to be made at the expense of the State provided the project is eligible for participation by the Federal Government. But neither the statutes nor the holding of the Supreme Court is authority for us to hold that under the facts of this case the City of Allen has the right originally to construct and operate its sewage disposal plant inside the City of Plano without that City's consent.

At the time of the trial the land in question was undeveloped. However, a real estate developer testified that it is suitable for development as a residential section. Its suitability for that purpose will be damaged if not destroyed if the City of Allen is permitted to construct its sewage disposal plant inside the City of Plano at the site in controversy. The construction of the proposed sewage disposal plant would limit the right of the City of Plano to control the location of streets and alleys in its future development. Certainly such construction and operation would effect and for practical purposes would limit the proper zoning of the area, of which the City of Plano, as a home rule city, is given control as a governmental function under Art. 1175, Sec. 26, V.A.C.S.

■ After a careful study of the statutes relevant to the powers and authority granted to cities such as the City of Allen, op-

2. See Village of Ridgewood v. Hopper, 181 A. 150, 13 N.J.Misc. 775; Deyo v. Newburgh, 138 App.Div. 465, 122 N.Y.S. 835; Barton Township v. Hamilton, 18 Ont. Rep. 199 (1889) (quoted in 101 A.L.R. 430); Frelinghuysen v. Town of Morristown, 77 N.J.L. 493, 72 A. 2; Malone v. Williams (1907), 118 Tenn. 390, 103 S.W. 798; Borough of Verona v. Township of Cedar Grove, 49 N.J.Super. 293, 139 A.2d 584 (1958); Village of South Orange v. Whittingham, 58 N.J.L. 655, 35 A. 407; Chicago Packing & Provision Co. v. City of Chicago, 88 Ill. 221, 30 Am.Reports 545; Lutz v. City of Crawfordsville, 109 Ind. 466, 10 N.E. 411 (1887); McQuillin, "Municipal Corporations", 2d Ed., Vol. 4, p. 404.

erating under the general law, we have concluded that the Legislature did not intend to authorize such a city to own and operate a sewage disposal plant within the city limits of another city such as Plano without that city's consent.

Appellant's point on appeal is sustained. The judgment of the trial court is reversed and judgment is here rendered declaring that the City of Allen does not have the right under the circumstances here present to construct and operate a sewage disposal plant at the site in controversy inside the city limits of the City of Plano without the consent of the City of Plano.

Reversed and rendered.