Mr. Justice BRADLEY,
havingstated the case, delivered .the opinion .of the court.
. Some attempt .has been made to show that in the suit brought in January, 1855, in the Supreme Court of New York by the Blossburg company against the Tioga company, on the contract now iu question, the matter of the difference for which the present suit is brought was not a question decided. But we have looked at the record and proceedings therein, which were in evidence in this case; and are satisfied that it was decided. The report of the, case in 1st Keyes, 486, showk that it was the only question before the *143 Court of Appeals, to which court the case was carried. This point, then, is res judicata between the parties. It cannot be litigated again on the same contract.*
We pass, then, to the matter of the statute of limitations.
The counsel for the plaintiff in error (the defendant below) insists “ that it was proved and conceded that during all the time of the existence of the contract of 1851, the defendant had property within the State of New York, an office at Corning, New York, directors, officers, and agents, constantly within this State, and at all times amenable to the process of its courts; and, in' fact, in. 1855, the plaintiff availed itself of this condition of things by bringing a suit against the defendant for a portion of the demand claimed under the contract, now in controversy, recovered judgment' and collected the same, and that in fact this suit was commenced by personal service of a summons upon the defendant’s agent at Corning; and that it is, therefore, apparent that the Tioga company has been, at all times, subject to a suit at law for any debt it owed to the Blossburg company or any other party,” and he argues that the statute.óf limitations is therefore a defence.
If the facts appeared as stated-by the counsel, it could not avail the plaintiff in error. The courts of New York have decided (and two of the decisions were made upon the case of this very company), that a foreign corporation cannort avail itself of the statute, of limitations of that State.† And this, notwithstanding .the defendant was the lessee of a railroad in New York, and had property, within the State, and a managing agent residing and keeping an office of the company at Elmira, within the State.‡ These decisions upon the construction of the statute are binding,upon us, whatever we may think of their soundness on general principles.§
*144 But the facts on which the plaintiff in error relies are not spread upon the record in such a manner that the court can fake cognizance of them. They are not found specially by the referee; he refuses to find them. He finds generally in favor of the plaintiff, namely, that the statute of limitations ,was hot a bar to the action. No error can be assigned upon such .a fiuding.
Judgment is affirmed.

 Beloit v, Morgan, 7 Wallace, 622; Aurora City v. West, Ib. 94; Freeman on Judgments,§ 256.

 Thompson v. Tioga Railroad Co., 36 Barbour, 79; Olcott v. Same Defendant, 20 New York, 210.

 Rathbuh v. The Northern Central Railway Co., 5b Id. 656.

 Harpending v. Dutch Church, 16 Peters, 493.