## BLACK v. ELKHORN MIN. CO., Limited.

*(Circuit Court, D. Montana. September 14, 1891.)*

1. **FEDERAL COURTS—FOLLOWING STATE DECISIONS—DOWER.**
   The federal court in Montana is bound by the decision of the supreme court of the state, holding that Laws Mont. (9th Sess.) 1876, p. 63, § 1, which gives a widow as dower one-third of all lands of which her husband was seised of an estate of inheritance during the marriage, unless the same has been relinquished by her, is still in force, although the federal court is of a different opinion, because said law does not appear in the Compiled Statutes, and because of the provisions of the statute of succession, (section 534, p. 395,) embodied therein.

2. **SAME—STATUTE OF LIMITATIONS.**
   The federal court in Montana is bound by the decision of the supreme court of the state, holding that there are no statutes of limitations in Montana applying to actions for the assignment or recovery of dower.

At Law. Demurrer to complaint.

*Word & Smith,* for plaintiff.

*Cullen, Sanders & Shelton,* for defendant.

KNOWLES, J. The complaint in this case sets forth that plaintiff was, in his life-time, and at the time of his death, the wife of one L. M. Black; that during his life-time L. M. Black was seised of, and the owner in fee-simple of, an undivided two-fifths of the A. M. Holter lode, now known as mineral survey No. 1374, lot No. 39, in township 6 N., range 3 W., situate in Jefferson county, state of Montana; that the said L. M. Black conveyed said two-fifths interest in said property to one R. A. Burton, and by mesne conveyances from him the same has now vested in defendant; that she did not join in the said conveyance to Burton, and has never in any way relinquished her right to dower in said premises; that her said husband, L. M. Black, died intestate in the month of July, 1881.

It appears that plaintiff is a citizen of Montana, and that defendant is a corporation organized under the laws of the kingdom of Great Britain and Ireland. Plaintiff prays for a commission to be appointed by the court, empowered and authorized to allot and assign to her dower in said undivided two-fifths interest in said lode, and for judgment for her dower in said lands. To this complaint defendant filed its demurrer, assigning as grounds therefor "(1) that said complaint does not state facts sufficient to constitute a cause of action; (2) that the cause of action set out in plaintiff's complaint is barred by the provisions of sections 30, 34, 39, c. 2, Code Civil Proc., (Comp. St. Mont. div. 1.)" This demurrer is in the form prescribed in the Code of Civil Procedure in the statutes of Montana. But no objection was taken to the form of the same.

The points presented in this case, under this demurrer, are: (1) Was plaintiff entitled to any dower under the laws of Montana? (2) Has her action for the assignment or allotment of dower been barred by the provisions of any statute of limitations in the laws of Montana?

As to the first point, the court is confronted by a statute of Montana, and a ruling of the supreme court of Montana upon the same. This statute is:

"A widow shall be endowed of the third part of all lands whereof her husband was seised of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form. Equitable estates shall be subject to the widow's dower, and all real estate of every description contracted for by the husband during his life-time, the title to which may be completed after his decease." Section 1, Laws Mont. (9th Sess.) 1876, p. 63.

In the case of *Chadwick* v. *Tatem*, 9 Mont. 354, 23 Pac. Rep. 729, the supreme court of Montana, speaking through Justice HARWOOD, said of this statute:

"It is clear that no part of the 'Act concerning dower' is embraced in said codification, and therefore we think it follows, without doubt, that said act is not repealed, but has stood in full force, although from some cause it was not incorporated in said codification. We have nothing upon which to base even an inference that it was the intention of the legislature to repeal this 'Act concerning dower.'"

It is true that learned court does not appear to have considered the effect of the statute of succession of Montana upon this statute. It may have done so, however, and not thought necessary to put the result of its investigation in that decision. There are three provisions of that statute that would appear to me to have a bearing upon this point. They are as follows:

"Sec. 534. When any person, having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it is succeeded to, and must be distributed, unless otherwise expressly provided in this Code and the Code of Civil Procedure, subject to the payment of his debts, in the following manner:

"'*First.* If the decedent leave a surviving husband or wife, and only one child, or the lawful issue of one child, in equal shares to the surviving husband or wife and child, or issue of such child. If the decedent leave a surviving husband or wife, and more than one child living, or one child living, and the lawful issue of one or more deceased children, one-third to the husband or wife, and the remainder in equal shares to his children, and to the lawful issue of any deceased child, by right of his representation. * * *

"'*Second.* If the decedent leave no issue, then the estate goes in equal shares to the surviving husband or wife and to the decedent's father. If there be no father, then one-half goes in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. * * *

"'*Fifth.* If the decedent leave a surviving husband or wife, and no issue, and no father, nor mother, nor brother, nor sister, the whole goes to the surviving husband or wife.'"

At common law, a wife, as such, was not an heir or successor to any portion of her husband's estate. He was not her ancestor. Now the question might arise, as a wife has dower in her husband's real estate of which he was seised during his life of an estate of inheritance, which amounts to a life-estate in the same of a one-third interest, how would dower be assigned to her if the husband should die, and leave no children surviving him, but a father? Would a moiety of one-third be

taken from the part which she was successor to, and one-third from the father's portion of the real estate? The same question may be asked should the husband leave one child and his wife surviving him; and, if the husband should die leaving surviving him a wife, but no children, nor father, or mother, or brothers and sisters, could the wife have any dower in the estate to which she succeeds, being all of her husband's estate? If the lesser estate would merge in the greater, does it not suggest that she can have no dower under such circumstances? The right of succession vests immediately upon the death of the husband, and the title thus acquired is in fee, if the husband was seised of an estate in fee. What room is there for any right of dower to attach to any portion of the husband's estate of which she is the successor under the statute? Many complications have suggested themselves to me when considering the statute upon succession and that of dower, and I have felt that the former must be considered, so far as the wife is concerned, to have taken the place of the latter. States which have passed such statutes as we have in Montana, as to the succession of the wife in her husband's estate, have usually abolished, by positive statute, perhaps, dower. It is true in section 549 it would seem that the provisions for inheritance of husband and wife from each other apply only to the separate property of each; but in sections 550 and 551 community property is mentioned. These provisions of our statute were taken from California, and there are statutes of that state defining what is separate and what community property. But we have no such statutes, and, in their absence, it is very doubtful if we have any such classes of property as is mentioned in these sections. No statute has been passed creating them. Certainly, the practice that has prevailed in the courts of Montana charged with the jurisdiction in distributing estates has been to ignore any such distinction as separate and community property. If such a classification of property is made only by positive statute, such as prevails in California, and we have no such statutes in Montana, I do not see how there can be any such classes of property here. Undoubtedly, the wife may have what is called "separate property" in Montana; but can a husband have such property? The separate property referred to in section 549, *supra*, is not the kind of property that is generally understood to be the wife's separate property in states where no such statutes as those in California exist. But here we are confronted with the question as to what separate property the husband may have in Montana to which this statute could refer. I think none. With this view, section 549 is without force as a limitation upon the right of the wife to inherit or be the successor in the estate of her husband. While the repeal of one statute by another by implication is not favored, yet, if two statutes are so inconsistent with each other that both cannot stand, the latter repeals the former. How a wife can, under certain circumstances, be the successor to all of her husband's real estate in fee, and yet have a dower in that estate, which is only a life-estate, I am as yet unable to perceive, and I cannot reconcile statutes which so provide. Hence, if this were an open question, I should be inclined to hold that the statute upon succession

repealed that of dower; that the former made such a provision for the wife as was inconsistent with her right of dower, at least in cases where the husband died intestate. How far my views upon this subject must be controlled by the decision in the case of *Chadwick* v. *Tatem, supra,* I will consider hereafter.

Upon the question of the bearing of the statute of limitations upon the right of plaintiff to maintain this action for an assignment of dower, I am again confronted with a decision of the supreme court of Montana. In the case of *Burt* v. *Sheep Co.,* 27 Pac. Rep. 399, rendered at the June term of said court for 1891, (not yet officially reported,) that learned court held that there were no statutes upon the subject of limitations in Montana which applied to actions for the assignment or recovery of dower. There are no statutes of the United States upon the subject of limitations which apply to such cases. Under these circumstances, the federal courts recognize and apply the statutes of the state where the action is prosecuted. How far is this court precluded by the above decisions of the supreme court of Montana? In the case of *Peik* v. *Railway Co.,* 94 U. S. 164, the supreme court said, as to an act of the legislature of Wisconsin being repealed by a subsequent act of that body: "As to the repeal of this act by that of March 12, 1874, the supreme court of Wisconsin has decided that there is no such repeal as is claimed. This is binding upon us."

It is not necessary to cite decisions to show that the federal courts consider themselves bound by the construction the highest court of a state puts upon the statutes of their state. So binding is this rule, that in a case where the highest court of a state has changed its ruling as to the construction of a statute, the federal courts have felt compelled to follow this new interpretation, although committed to the former. *King* v. *Wilson,* 1 Dill. 556. As to the question of the statute of limitations, there are several decisions of the supreme court to the effect that the federal courts will follow the construction placed upon such statutes by the highest court of the state where the same is in force. Upon this point see *Tioga Railroad* v. *Blossburg & Corning R. Co.,* 20 Wall. 137; *Barrett* v. *Holmes,* 102 U. S. 657. In view of the rule expressed by these decisions of the supreme court, this court finds itself compelled to follow the decisions of the supreme court of Montana. I therefore hold that, under the laws of Montana, plaintiff had a right of dower in the premises described in her complaint, taking the facts stated therein as true, and that her right to have this dower assigned to her is not barred by the statute of limitations of this state. The demurrer of defendant is therefore overruled.