GEORGE G. FRELINGHUYSEN ET AL., PLAINTIFFS IN
ERROR, v. TOWN OF MORRISTOWN ET AL., DEFEND-
ANTS IN ERROR.

TOWNSHIP OF HANOVER, PLAINTIFF IN ERROR, v. TOWN
OF MORRISTOWN ET AL., DEFENDANTS IN ERROR.

Argued November 24, 1908—Decided February 4, 1909.

Statutes are not to be given a retrospective effect if their language
reasonably admits of another construction.

On error to Supreme Court, whose opinion is reported in
47 *Vroom* 271.

For George G. Frelinghuysen, B. Ogden Chisholm and
Alexander C. Humphreys, *Vreeland, King, Wilson & Linda-
bury,* and *Pitney, Hardin & Skinner.*

For the township of Hanover, *Richard Wayne Parker,
Cortlandt Parker* and *Chauncey G. Parker.*

For the town of Morristown, *Edward K. Mills.*

For the Morristown Board of Sewerage, *Willard W. Cutler.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. We concur in the result reached by
the Supreme Court, and agree for the most part with the
reasoning expressed in the opinion delivered by Mr. Justice
Swayze in that court.

In our opinion the act under which Morristown has pro-
ceeded to establish a system of sewers, including the disposal
works whose location gives rise to the present controversy,
that is to say, "An act to authorize incorporated towns to con-
struct, operate and maintain a system of sewers, or a system
of sewers and drains, and to provide for the payment of the

costs of the construction, operation and maintenance thereof" (*Pamph. L.* 1902, *p.* 371), is a general act, applicable not only to towns that had been incorporated prior to its passage, but to any town incorporated prior to the adoption in such town of the act.

We think the title of the act fairly imports that the sewers are to have outlets and disposal works that may of necessity be located beyond the limits of the town; and that therefore the title is not defective for failing to express the object of the legislation in this regard.

We think there is no constitutional limitation that disables the legislature from authorizing one municipality to establish as a part of its sewer system disposal works located within the bounds of another municipality.

We agree that the act of 1902 dispenses with the necessity of procuring the consent of the municipality within whose limits the disposal works are to be established.

With respect to the "Act to empower municipalities to establish and maintain plants for the treatment, disposal or rendering of sewage," approved October 29th, 1907 (*Pamph. L., p.* 707), which permits disposal works to be located within or without the limits of the municipality, with the proviso that it shall not be lawful to locate the same in any other municipality without the approval of the latter, or, in case of its refusal, the approval of the state board of health; the Supreme Court expressed the view that this act by its terms applies only to municipalities where there is a municipal board having charge of the sewers therein, and only to municipalities with a board or commission having charge of the finances of the municipality, and that Morristown does not come within this class; and further, that section 8 of this act makes it clear that the enactment was intended only for cities. With this reasoning we do not agree.

But, for the reasons that follow, we conclude that the act of 1907 has not the effect of restricting the power of the town of Morristown to proceed and complete its system of sewers and disposal works, undertaken pursuant to the provisions of the act of 1902, by requiring the approval of the township of

Hanover or of the state board of health to the placing of disposal works in that township.

The first step necessary to enable Morristown to avail itself of the act of 1902 was taken in the early part of the year 1906. In April of that year the board of sewerage was appointed, and it immediately proceeded to perform the duties imposed upon it by the act. After full investigation, aided by expert engineers, the board adopted a system, received the approval of the state sewerage commission, reported to the common council, and received the approval of that body. The common council appointed April 30th, 1907, for the date of the election. The election resulted in the adoption of the act, and thereupon by the terms of the enactment the duty was imposed upon the board of sewerage to construct the works substantially in accordance with the proposed plan. After public advertisement contracts were awarded for the necessary material and labor for the entire sewer system, including the disposal works; one contract, amounting to $29,000, being for sewer pipe; another, amounting to $153,000, being for sewer construction; and the third, amounting to $95,000, being for the construction of the disposal plant. The former two contracts were actually signed in June, and the work of laying the sewers in the town began early in July, and progressed rapidly thereafter. The contract for the construction of the disposal works was not signed until December 17th, the delay being occasioned by objections that had been made to their location. But it is manifest that disposal works, to be placed in the general location determined upon by the sewerage commission, are an essential part of the plan that was adopted in its entirety by the people of the town; and that without disposal works the rest of the sewer system would be valueless.

It thus appears that before the act of 1907 became a law the town of Morristown, upon the faith and strength of the clear legislative authority conferred upon it by the act of 1902, having complied with all the conditions theretofore imposed by the legislature, had committed itself irrevocably to a scheme of public improvement involving the expenditure of

upwards of $275,000, had pledged the public credit accordingly, and had actually commenced the construction work.

Did the legislature, when it embodied in the act of October 29th, 1907, the proviso that municipalities in order to establish sewage disposal works within the bounds of another municipality should be required to procure the approval of such municipality, or, failing this, the approval of the state board of health, intend that this condition should be imposed only upon such municipalities as should thereafter proceed under the act of 1907 to establish disposal works beyond their borders? Or did the legislature, on the other hand, intend that the condition should apply to Morristown, and to other municipalities similarly circumstanced, which had already commenced and were then prosecuting, under the act of 1902, or under other laws that had imposed no such conditions, the construction of sewer systems including disposal works beyond their own borders?

It seems to us that this question admits of but one reply. Aside from the rule that provisos ordinarily limit only the enactment to which they are appended (the effect of which rule upon the present controversy we have not found it necessary to examine), it is a familiar and important principle, always to be kept in mind in the construction of statutes, that they are not to be given a retrospective effect or operation if their language reasonably admits of another construction.

Ordinarily, legislative bodies concern themselves with the enactment of laws for the regulation of affairs in the future, not for the disturbance of transactions already concluded or rights already acquired and acted upon. *Citizens Gas Light Co.* v. *Alden,* 15 *Vroom* 648, 653. Section 3 of our general "Act relative to statutes," approved March 27th, 1874 (*Gen. Stat., p.* 3194), declares that the repeal of any statutory provision by this act or by any other act thereafter passed is not to affect or impair any act done or right vested or accrued before such repeal shall take effect. In *Williamson* v. *New Jersey Southern Railroad Co.,* 2 *Stew. Eq.* 311, 334, this court said that the statute is only declarative of the law as judicially pronounced in *Hunt* v. *Gulick,* 4 *Halst.* 205.

Of course, the act of 1874, just referred to, is itself subject to repeal. But it furnishes a rule for the construction of future acts, that obtains in the absence of a clear expression of legislative intent to the contrary.

See, also, *Town of Belvidere* v. *Warren Railroad Co.,* 5 *Vroom* 193, 196; *City of Elizabeth* v. *Hill,* 10 *Id.* 555, 558; *Roxbury Lodge* v. *Hocking,* 31 *Id.* 439, 443; *Jersey City* v. *North Jersey Street Railway Co.,* 43 *Id.* 383, 389.

Without stopping to consider whether a municipal corporation, which is but an agency of the state, can have any "vested rights," properly so called, in its public works, it is sufficient for present purposes to say that the injustice of rendering valueless public works already undertaken and in part constructed, and for which public money has already been expended or the public credit pledged, on the strength of existing legislation, is so great that a purpose to do this ought not to be attributed to the legislature unless language be employed that will bear no other reasonable construction.

Finding in the act of 1907 no clear expression of a legislative purpose to restrict the powers previously conferred upon incorporated towns by the act of 1902, where such powers had already been acted upon to the extent that was true of Morristown when the act of 1907 was passed, we hold that the act of 1907 does not restrict the town of Morristown with reference to the location of its disposal works in the township of Hanover.

Upon the other points raised we find it unnecessary to add anything to what was said in the opinion of the Supreme Court.

The judgment under review should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, REED, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, GRAY, DILL, J.J. 10.

*For reversal*—None.