JAMES R. NUGENT, PROSECUTOR, v. FLORENCE E. CAHILL ET AL., RESPONDENTS.

Submitted January 29, 1926—Decided May 4, 1926—Filed May 19, 1926.

Taxes and Assessments—Martin Act Sales—Certiorari After Two Years—Deed Under Martin Act Sale Made Seventeen Years Ago—Statute Precluded Review by Certiorari for Two Years —Respondent's Contention That This Provision is Not in Force by Reason of the 1925 Act Relating to Writs of Certiorari, Not Sustained—Such Contention Would Give Retroactive Effect to Latter Act.

On writ of *certiorari*.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *James R. Nugent*.

For the respondents, *Herbert Boggs*.

PER CURIAM.

This case is before us upon a writ of *certiorari*. The writ brings up for review a deed executed by J. H. Bacheller, comptroller of the city of Newark, to Florence E. Cahill, dated September 12th, 1907, conveying certain salt meadow lands, and the proceedings relative to the execution and delivery of said deed. It appears from the state of the case that Florence E. Cahill and John Francis Cahill, her husband, sold the said premises in December, 1907, to Stewart Lindsay, and conveyed the same to him by deed. In June, 1920, Alexander Archibald, director of revenue and finance, acting as comptroller of the city of Newark, sold the said premises for unpaid taxes under the Tax act of 1918, to the city of Newark, and executed to the city a certificate of sale therefor. Thereafter the city assigned the certificate of sale to the Franz Realty Company, which, subsequently, assigned the same to the prosecutor in this case.

The respondents urge that the writ was improvidently allowed. We have reached the conclusion that this point is well taken. The sale to Florence E. Cahill and the tax deed made to her were made in pursuance of the provisions of the act known as the "Martin act" (chapter. 112 of the laws of 1896). The second section of this act provides that no writ of *certiorari* shall be allowed and no action brought to contest or set aside any deed given pursuant to the provisions of the act, or to recover possession of the land conveyed by such deed after two years from the execution of the deed. In the case under consideration seventeen years have elapsed since the execution of the deed. In answer to this point the prosecutor contends that this provision is no longer in force by reason of the amendment of section 14 of the act relative to writs of *certiorari* made in the year 1925. *Pamph. L.* 1925, *p.* 77. This act provides as follows: "No writ of *certiorari* shall be allowed to review any sale of land to enforce any assessment or tax, or any sale where assessments and taxes have been included together, unless such writ be allowed within eighteen months from the date of such sale;

provided, however, that this shall not apply to any proceedings taken after the sale, by the purchaser or holder of the tax sale certificate, under any statute of this state to procure a deed or perfect title."

To support the prosecutor's contention the above provision must be construed as retroactive. It does not in terms apply to pre-delivered deeds or to proceedings taken before its passage. We think it was not the legislative intent to give by this act the right to review deeds and proceedings long since had, and by litigation to throw doubt upon titles theretofore valid and unassailable. In the absence of any words expressing a contrary intention a statute will be construed to operate prospectively. *Crucible Steel Co.* v. *Polack Tire Co.*, 92 *N. J. L.* 221. A statute will not be construed as retroactive unless its nature precludes any other reasonable interpretation. *Spencer* v. *Middlesex County Tax Board*, 95 *Id.* 5. Statutes are not retroactive unless the language thereof admits of no other construction. *Public Service Electric Co.* v. *Public Utility Commissioners*, 87 *Id.* 128. It was held in the case of *DeRaisnas* v. *Cahill*, 97 *Id.* 565, that the *Certiorari* act limited the time for the allowance of a writ of *certiorari* to review a tax deed to three years. The writ of *certiorari* in the instant case will be dismissed as having been improvidently issued.