## CRAMER et al. v. BORDEN'S FARM PRODUCTS CO., Inc.

District Court, S. D. New York

June 1, 1932.

Harry Malter, of New York City, for plaintiffs.

Milbank, Tweed, Hope & Webb, of New York City (John A. Kelly, of New York City, of counsel), for defendant.

FRANK J. COLEMAN, District Judge.

The only question present is whether the second cause of action alleged in the complaint is barred by the New Jersey statute of limitations. It is for personal injuries alleged to have been sustained by a resident of New Jersey in an accident in that state caused by the negligence of defendant's employees. Concededly a two-year statute of limitations of that state bars the claim if the defendant was a "resident" within its terms, and does not if the defendant was a nonresident. The statute (3 Comp. St. N. J. 1910, p. 3166, § 8) provides in part:

"8. *Effect of non-residence or removal from state.*—That if any person. * * * shall not be resident in this state when such cause of action accrues, * * * then the time or times during which such person or persons shall not reside in this state shall not be computed as part of the said limited period within which such action or actions are required to be brought as aforesaid; but the person or persons having, or who may have such cause of action as aforesaid, shall be entitled to all the time mentioned in the said several sections, for bringing their said actions after the cause thereof shall accrue, exclusive of the time or times during which the person or persons liable to such actions shall be not resident in this state as aforesaid."

The defendant had been incorporated under the laws of New York, but had been duly licensed to do business in New Jersey, and at all times here involved had a designated agent for the service of process pursuant to the laws of New Jersey and owned real and personal property there in excess of the amount of this claim. The ultimate question is whether the above-quoted statute should be construed so as to include the defendant as a "resident" of New Jersey.

There is apparently no decision of the New Jersey courts, nor of any other courts, construing the statute in this regard, so that we are relegated to a consideration of general principles and to an examination of the decisions on similar statutes in other states. In the first place it should be recognized that the reason underlying the above-quoted statute, which was to prevent a debtor who was not available to suit from taking advantage of the limitation, is entirely inapplicable to a foreign corporation licensed to do business

within the state and having a designated agent for the service of process. Undoubtedly it would be wiser and more equitable for the state Legislature to grant to such a corporation the same advantage of the statute of limitations as enjoyed by domestic corporations, because there is the same availability to suit. It is against public policy to permit a claimant to postpone his action indefinitely without such justification as the impossibility of serving the defendant.

The question, however, is not what the New Jersey Legislature should have done, but what it did. A corporation is a "resident" of the state which creates it, and for most purposes is deemed to be a nonresident of every other state even though duly admitted to do business therein. Can the word "resident" which ordinarily would exclude such corporation be stretched so as to cover it merely because of the desirability of granting the protection of the limitation?

In New York state the tolling of the statute was made dependant upon the defendant's absence from the state, and the courts consistently held that a foreign corporation owning property and doing business here was not present in the state so as to give it the advantage of the statute of limitations. Tioga Railroad v. Blossburg & Corning, 20 Wall. 137, 22 L. Ed. 331; Olcott v. Tioga R. Co., 20 N. Y. 210, 75 Am. Dec. 393; Boardman v. Lake Shore & M. S. Railroad Co., 84 N. Y. 157. After an amendment to the New York Code of Civil Procedure which gave the protection of the statute of limitations to a foreign corporation duly licensed to do business here and having a designated agent for the service of process, the New York Court of Appeals held that a foreign insurance company which was conducting the business under a license from the insurance department of this state was present here. Comey v. United Surety Co., 217 N. Y. 268, 111 N. E. 832, Ann. Cas. 1917E, 424. It should be noted that the New Jersey statute has not been amended so as to extend the protection expressly to foreign corporations duly admitted; furthermore, the test under the New York statute has always been *absence* from the state while under the New Jersey statute it has been *residence*. It would be much easier to hold a foreign corporation doing business under a license from the insurance department as *present* in the state than to hold it a *resident* of the state.

The decisions of other jurisdictions present a conflict as to the proper construction of similar statutes. McCabe v. Illinois Central Railroad (C. C.) 13 F. 827; Tiller v. St. Louis & Santa Fé Railroad (C. C.) 189 F. 994; Baltimore & Ohio Railroad v. Reed (C. C. A.) 223 F. 689; Quinette v. Pullman Co. (C. C. A.) 233 F. 980; Seimer v. James Dickenson Farm Mortgage Co. (D. C.) 299 F. 651; Williams v. Metropolitan Street Railway Co., 68 Kan. 17, 74 P. 600, 64 L. R. A. 794, 104 Am. St. Rep. 377, 1 Ann. Cas. 6; Wood on Statutes of Limitations (4th Edition) vol. 2, p. 1182. The weight of the authority, however, I believe requires a holding that, where the statute makes as strong a condition as *residence* for the protection of the limitation, a foreign corporation is not included within it even after qualifying to do business within the state and designating an agent to receive process.

Motion is therefore granted on consent as to the first cause of action and denied as to the second. Settle order on notice.