JERSEY CITY METALS COMPANY, RESPONDENT-PROSECUTOR IN CERTIORARI, v. ELIZABETH BRENNAN, PETITIONER-DEFENDANT IN CERTIORARI.

Argued January 20, 1932—Decided June 16, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor in *certiorari, Frank G. Turner.*

For the defendant in *certiorari, Nellie T. Smith (Samuel Tartalsky,* of counsel).

PER CURIAM.

Michael Brennan, the husband of the petitioner, was employed by the prosecutor, the Jersey City Metals Company, as a tinsmith helper. On December 27th, 1928, while working on the roof of a building, he fell from a ladder causing injuries to his chest. The company paid Brennan $63.14 compensation to February 2d, 1929.

On January 21st, 1930, Brennan filed a petition for compensation and the company answered, not denying the accident, nor the payment of the $63.14 as compensation, but averring that Brennan had recovered from his injuries. During the pendency of the cause Brennan died, as was claimed as a result of the injury sustained, and his widow on behalf of herself and minor children, filed a supplemental petition for compensation to which the company, although served therewith, did not file any answer. On the hearing the workmen's compensation bureau found in favor of the petitioner.

The employer then sued out this writ and now contends in effect that there was no evidence of an accident apart from that of the physician, which it is contended was incompetent.

We can see no merit in this point because the accident, if not established by the admission contained in the company's answer as we think it was, certainly was established at the hearing by the testimony of Abram S. Blum, the prosecutor of this writ (trading under the company name). He testified in effect that he was present at the scene of the accident at the time or immediately thereafter, and to matters of fact which proved the occurrence of the accident as alleged in the petition. Moreover, by the direction of the prosecutor, the workman was sent to a doctor and the doctor testified to the history of the matter given him by the patient for the purpose of treatment; so upon the whole case we conclude that there was ample evidence to support the finding of the workmen's compensation bureau.

Next it is said that the workmen's compensation bureau did not have jurisdiction, and this question seems to be raised now for the first time. We think that it had jurisdiction. The point, though not plainly stated, seems to be that the petition was not filed in time. We think it was. The accident happened on December 27th, 1928. After the waiting period the employer paid Brennan $63.14, the last payment whereof being to February 2d, 1929, and since the petition was filed January 21st, 1930, it was within one year of the last payment, as required by the statute.

Lastly the employer argues that the supplemental petition,

filed by the wife upon her husband's death, was not served. The record is to the contrary. It discloses, we think, that it was served.

The judgment will be affirmed, with costs.