ARTHUR ALLORD, PETITIONER-DEFENDANT, v. THE HENRY MUHS COMPANY, RESPONDENT-PROSECUTOR.

Submitted May 13, 1932—Decided November 23, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the prosecutor, *Cox & Walburg.*

For the respondent, *Gebhardt & Gebhardt.*

PER CURIAM.

Of these two cases submitted together, No. 241 is a writ of *certiorari* bringing up a determination of the workmen's compensation bureau awarding compensation to petitioner-defendant, and No. 263 is a motion to dismiss said writ.

The basis of the motion to dismiss is that under chapter 25 of the laws of 1932 the proper procedure was by appeal

to the Common Pleas. The judgment herein was entered March 18th, 1932. Chapter 25 became effective March 21st, 1932, and the writ was allowed March 31st, 1932. Petitioner claims the state of the law at the time of the appeal should control and prosecutor says it was required to follow the procedure in effect at the time of the rendition of the judgment. In view of the fact that the act of 1932 is not made retroactive by express terms, we should not construe it as retroactive. *Citizens Gas Co.* v. *Alden,* 44 *N. J. L.* 648, and other cases cited, support this view. Besides this court has jurisdiction to review by *certiorari,* in any event. The motion to dismiss is denied.

The petitioner was injured on December 20th, 1928, while pushing three hogs along a trolley suspended from the ceiling. He worked as a meat cutter and his work was, for the most part, light. Petitioner injured his back at a point where it had been previously injured. It is admitted that he is now one hundred per cent. incapacitated. On October 9th, 1925, while in the employ of another, petitioner had sustained a severe injury to the back. There was a compensation proceeding and on February 25th, 1928, an award was made on the basis of ninety per cent. disability. Petitioner commenced work for the prosecutor in October, 1928. The present petition was filed September 30th, 1930, after prosecutor had paid petitioner temporary compensation from the time of the accident until October 13th, 1929. On May 22d, 1931, the previous proceeding in compensation was opened and an order was entered reducing petitioner's disability to sixty-five per cent. as a result of his first accident. By the present proceeding petitioner sought and recovered for the loss of the remaining thirty-five per cent. of his working capacity.

The first point argued is that the petition was barred by the time limitation in the statute because not filed within a year after the accident. However, as stated above, the prosecutor paid compensation down to October 13th, 1929. The statute provides claims not made within one year shall be barred unless an agreement for compensation has been made and then within one year after failure to make payment pur-

suant to the agreement; or unless a part of the compensation has been paid and then within one year after the last payment of compensation. There was no agreement in the instant case, but the case is clearly covered by the second exception since a part of the compensation was paid voluntarily and the petition was filed within a year after the last payment. *Herbert* v. *Newark Hardware Co.*, 107 *N. J. L.* 24; 151 *Atl. Rep.* 502; *affirmed,* 109 *N. J. L.* 266; 160 *Atl. Rep.* 492; *Jersey City Metals Co.* v. *Brennan,* 10 *N. J. Mis. R.* 846; 160 *Atl. Rep.* 885.

The second point urged for reversal is that the finding that petitioner suffered a disability of thirty-five per cent. is unsupported by any legal evidence. There was evidence in the expert testimony of Dr. Cummins that sixty-five per cent. of disability before the accident was a reasonable estimate and it is admitted that the man is now completely disabled. No expert testimony was produced by the prosecutor. The fact that the petitioner was able to do light work and had done it for eight weeks prior to his second accident is some corroboration of this finding. We think there is no merit in this point.

The third point urged for reversal is that there was error in the admission of hypothetical questions. We can see no reversible error in the admission of these questions in view of the fact that the bureau is not, by the terms of the statute, bound by the strict rules of evidence.

We conclude that the finding has reasonable support in the testimony.

The judgment under review is affirmed, with costs.