ZAIDA C. BURDETT, PROSECUTOR-APPELLANT, v. MUNICI-
PAL EMPLOYEES PENSION COMMISSION OF THE
CITY OF NEWARK, NEW JERSEY, DEFENDANT-RE-
SPONDENT.

Submitted May 29, 1942—Decided September 18, 1942.

For the appellant, *Charles S. Smith.*

For the respondent, *Raymond Schroeder* (*Thomas M. Kane,* of counsel).

The opinion of the court was delivered by

COLIE, J.   Zaida C. Burdett, the present appellant and the prosecutor below, brings this appeal seeking to reverse a judgment of the Supreme Court dismissing a writ of *certiorari* theretofore allowed for the purpose of reviewing the refusal to her of a pension by the Municipal Employees Pension Commission of Newark.

The facts are undisputed.   Oliver C. Burdett was an employee of the City of Newark when he married appellant, Zaida C. Burdett, in 1922.   He was then fifty-five years of age.   In 1933 he retired upon a pension after more than thirty years in the employ of the city, and died in 1941. At his death he was a member of the Municipal Employees Pension Association with all annual assessments or contributions fully paid.

The sole inquiry is as to the meaning and intent of *R. S.*

43:13-2 *et seq.* The right, if any, upon which the application for a pension rests is to be found in *R. S.* 43:13-4, that part of which pertinent to the present inquiry reads: "The widow * * * of a municipal employee who shall have * * * served in the employ of a city of the first class in the aggregate for twenty years, and who has paid into the fund the full amount of his annual assessments or contributions and who dies * * * shall receive a pension. * * * The pension so paid shall not exceed the sum of one thousand dollars annually. No pension shall be paid to a widow * * * if she * * * was married to her * * * deceased spouse after the date of * * * his retirement or after * * * he shall have reached fifty-five years of age."

The sole question for determination is whether the last quoted sentence from the statute is to be interpreted as prospective or retrospective in intent.

The legislative origin of the act with which we are now concerned is chapter 190, laws of 1927. Section 2 thereof reads in part: "no pension shall be paid to any widow or dependent husband if he or she was married to her deceased husband or his deceased wife after the date of his or her retirement and hereafter before he or she shall have arrived at the age of fifty-five years." By chapter 12, laws of 1932, there was an amendment of section 2, the amendment, so far as it affects the question now presented, reads: "no pension shall be paid to any widow or dependent husband if he or she was married to her deceased husband or his deceased wife after the date of his or her retirement and hereafter after he or she shall have arrived at the age of fifty-five years." In the Revision of 1937, *R. S.* 43:13-4 the wording was again altered and it now reads: "No pension shall be paid to a widow or dependent husband if she or he was married to her or his deceased spouse after the date of her or his retirement or after she or he shall have reached fifty-five years of age."

The above quoted provision of the statute is not free from doubt. Did the legislature intend that it should apply to situations prior to its enactment in 1937? The original

enactment in 1927 and its amendment in 1932 seem clearly to have had a prospective intent. This seems necessarily to follow from the use of the word "hereafter" in relation to arrival at the age of fifty-five. We pass without an attempt to interpret the sense of the 1927 act in using the language "and hereafter before he or she shall have arrived." Whatever if any meaning it had, was clarified by changing the word "before" to "after" in the 1932 amendment. The revisors omitted the word "hereafter" and from that omission it is suggested that we are to attribute to the statute a retroactive effect. There is a presumption against a legislative intent by a revision of general laws to effect a change in substance and the omission of words does not, of necessity, overcome that presumption. The intention to effect a change in substance must be expressed in language excluding a reasonable doubt. *Crater* v. *County of Somerset,* 123 *N. J. L.* 407.

A cardinal rule in the interpretation of statutes is that "words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot otherwise be satisfied." This language of Mr. Justice Paterson in *United States* v. *Heth,* 3 *Cranch* 399, decided in 1806, has been adopted in New Jersey by this court in *Williamson* v. *New Jersey Southern Railroad Co.,* 29 *N. J. Eq.* 311, 334, and thereafter followed in a host of later cases.

*Endlich on Interpretation of Statutes,* § 271, states that "the rule to be derived from the comparison of a vast number of judicial utterances upon this subject, seems to be, that, even in the absence of constitutional obstacles to retroaction, a construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of the statute taken by themselves and in connection with the subject-matter; * * *" and, in section 272, the same authority goes on to say that "Even

where there is that in the statute which would seem upon other principles of interpretation, to require a retroactive construction, the presumption against the same, in the absence of an intention otherwise demonstrable to give the statute such an effect, will overcome the influence of such rules."

The legislative intent to give to the statute under consideration a retroactive effect is lacking the elements of clarity, strength and imperativeness that would justify our reading that into the statute which is not expressed, namely, a retroactive effect.

Accordingly, the judgment of the Supreme Court dismissing the writ of *certiorari* is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.