EDITH HEINZELMAN et al., Plaintiffs, *v.* UNION NEWS COMPANY, Defendant.

Supreme Court, Special Term, New York County, January 8, 1948.

*Richard W. Hannah* for defendant,

*William W. Heiberger* for plaintiffs.

PECORA, J. This action was commenced to recover damages for personal injuries sustained on March 7, 1945, in the city of Paterson, New Jersey. Service was made upon defendant in this State on August 21, 1947. Plaintiffs, concededly, are now, and have been since the accrual of the action, residents of the State of New Jersey. Defendant is a domestic corporation authorized to transact business in the State of New Jersey, and, since October, 1940, had a duly authorized agent in New Jersey designated to receive service of any process in any suit which might be commenced against it in that State.

Section 13 of the Civil Practice Act provides that where a cause of action arises outside of this State an action cannot be brought here upon such cause after the expiration of the time limited by the laws either of this State or of the State where the cause of action arose for bringing an action, except that where the cause of action originally accrued in favor of a resident of this State, the time limited by the laws of this State shall apply. Thus if a cause of action arises in a foreign State in favor of a nonresident it must be brought within the time limited by the laws of the foreign State in which the cause arose, if that statute prescribes a shorter period of limitations than New York State. (*Kirsch* v. *Luben,* 131 Misc. 700, affd. 223 App. Div. 826, affd. 248 N. Y. 645; *Young* v. *DiStefano,* 273 N. Y. 663.)

When this forum applies the Statute of Limitations of a foreign jurisdiction, the foreign statute becomes, by incorporation, the law of this State (*Jacobus* v. *Colgate,* 217 N. Y. 235).

Under subdivision 6 of section 49 of the Civil Practice Act an action for personal injuries resulting from negligence must be commenced within three years. In New Jersey, where the cause of action arose, section 2:24-2 of chapter 24 of title 2 of the New Jersey Statutes provides that such an action shall be commenced within two years next after the cause shall have accrued. Based

upon this two-year statute, defendant moves to dismiss the complaint upon the ground that this action was started more than two years after the cause accrued.

Plaintiff relies upon section 2:24-7 of the New Jersey Statutes, which provides that if any person against whom there is, or may be, a cause of action specified in section 2:24-2, above, is not a resident of that State when such cause of action accrues, or removes from the State after the accrual thereof, the time during which such person is not a resident shall not be computed as part of the period of time within which the action is required to be commenced. This exception to the general Statute of Limitations must be considered in applying the New Jersey law.

The question directly presented therefore is whether a foreign corporation, authorized to do business in the State of New Jersey, and which has designated an agent to receive process in that State, is a " resident " of the State of New Jersey within the meaning of section 2:24-7 of the New Jersey Statutes above. If it is not such a " resident ", then the statute is tolled.

No New Jersey decision has been called to the court's attention, and independent research has revealed none, which has passed upon that question. Other States have ruled upon the effect of appointment of an agent upon whom process has been served where a foreign corporation does business in a State other than the one of its incorporation. The great weight of authority is that such absence from the State does not toll the Statute of Limitations (*Lawrence* v. *Ballou,* 50 Cal. 258; *Waterman* v. *Sprague Manufacturing Co.,* 55 Conn. 554; *Red Men* v. *Merritt,* 32 Del. 1; *Roess* v. *Malsby Co.,* 69 Fla. 15; *Dahlstrom* v. *Walker,* 33 Idaho 374; *McLaughlin* v. *Aetna Life Ins. Co.,* 221 Mich. 479; *Sidway* v. *Mo. Land & Livestock Co.,* 187 Mo. 649; *Volivar* v. *Richmond Cedar Works,* 152 N. C. 656; *Walker* v. *Meyer Constr. Co.,* 175 Okla. 548; *Turcott* v. *Railroad,* 101 Tenn. 102; *Clawson* v. *Boston Acme Mines D. Co.,* 72 Utah 137). A contrary doctrine however has been followed in a number of States, including New York (*Williams* v. *Metropolitan Railway Co.,* 68 Kan. 17; *Barstow* v. *Union Cons. Silver Mining Co.,* 10 Nev. 386; *Travelers' Ins. Co.* v. *Fricke,* 99 Wis. 367; *Rathburn* v. *Northern Central Ry. Co.,* 50 N. Y. 656; *Olcott* v. *Tioga R.R. Co.,* 20 N. Y. 210; *Tioga R.R.* v. *Blossberg & Corning R.R. Co.,* 20 Wall. [U. S.] 137). The minority view has been criticized (29 Ill. L. Rev. 676–678; 82 U. of Pa. L. Rev. 767–768).

The New York cases were decided before the enactment of section 19 of the Civil Practice Act and its predecessor in the Code of Civil Procedure (§ 401) which was adopted in 1877.

Under section 19 of the Civil Practice Act the running of the Statute of Limitations is suspended during the absence from the State of the person against whom the cause of action exists. Such suspension is inapplicable, however, where a designation has been made by a person or corporation of someone on whom summons may be served within the State for such nonresident person or corporation. The New York statute (Civ. Prac. Act, § 19) differs from the New Jersey statute (New Jersey Statutes, § 2:24–7) in that the former refers to " absence " from the State while the latter stresses " residence " in the State.

The effect of the New Jersey statute was passed upon in *Cramer* v. *Borden's Farm Products Co.* (58 F. 2d 1028). There the defendant, a New York corporation, had been licensed to do business in New Jersey and had designated a person to receive service of process in New Jersey. The court held that the New York corporation was deprived of the protection of the two-year Statute of Limitations because such a foreign corporation, even though qualified to do business in New Jersey, was not a " resident " within the meaning of section 2:24–7 of the New Jersey Statutes. The holding in that case has not been overruled in any other case, and since that decision the New Jersey Legislature has not amended the statutes so as to include such foreign corporations. In view of the language of the New Jersey statutes this court will follow the decision in *Cramer* v. *Borden's Farm Products Co.* (*supra*) as to the New Jersey law applicable to the instant case.

The motion to dismiss the complaint will therefore be denied. Settle order.