## KUBOOSH et al. v. ALLIED STORES CORPORATION.

District Court, S. D. New York.
March 31, 1948.

Marcus & Levy, of New York City (William W. Heiberger, of New York City, of counsel), for plaintiffs.

John P. Smith, of New York City, for defendant.

RYAN, District Judge.

Defendant moves under Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for leave to serve an amended answer.

The proposed amended answer differs from the original answer in one respect only. It sets up, as a separate and complete defense, the two-year statute of limitations of the State of New Jersey, c. 24, N.J.S.A. § 2:24-2, which provides that an action to recover damages for personal injuries should be commenced and prosecuted within two years after the alleged cause of action accrued, and not afterward.

Plaintiffs sue to recover for personal injuries alleged to have been received in defendant's store in the City of Patterson, Passaic County, State of New Jersey, on December 13, 1945. Action was commenced in this court on December 16, 1947.

No useful purpose would be served by permitting the proposed amendment to the answer heretofore interposed. It is not disputed that plaintiffs are residents of the State of New Jersey, nor that defendant is a corporation organized and existing under and by virtue of the laws of the State of Delaware. It is provided by the laws of the State of New Jersey that a defendant, while not a resident of that state, cannot plead its statute of limitations as a defense.

The New Jersey Statute Annotated § 2:24-7 reads as follows:

"Nonresidence; effect on limitations.

"If any person against whom there is or may be a cause of action specified in sections 2:24-1, 2:24-2, 2:24-3, 2:24-5, 2:24-6, 2:24-16, or 2:24-17 of this title is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of these times limited in said sections, the time or times during which such person is not residing within this state shall not be computed as a part of the periods of time within which such actions are required to be commenced by said sections; and the person entitled to any such action may commence the same after the accrual of the cause therefor, within the periods of time limited therefor by said sections, exclusive of such time or times of nonresidence."

This provision governing non-residents has been held in this district to include corporations incorporated in another state, even though they have filed a certificate to do business in the State of New Jersey. Cramer v. Borden's Farm Products Co., D.C., 58 F.2d 1028. The New Jersey State Courts are in accord with the view expressed in the Cramer case. Gotheiner v. Lenihan, 25 A.2d 430, 20 N.J.Misc. 119.

Leave to serve the amended answer is therefore denied.