**KENNY et al. v. DURO–TEST CORPORATION.**

Civ. No. 1013–49.

United States District Court, D. New Jersey.

July 6, 1950.

West & West, Jersey City, N. J., for plaintiffs.

Burke, Sheridan & Hourigan, Union City, N. J., Gerald T. Foley, Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action in which one of the plaintiffs, Alice V. Kenny, asserts two claims: first, a claim for personal injury, to wit, an occupational disease contracted in the course of employment, caused by the negligence of the defendant; and second, a claim for damages occasioned by the fraudulent representations of the defendant. The other plaintiff, Francis P. Kenny, the husband of Alice P. Kenny, asserts the usual claims for expenses, loss of services, etc. The complaint contains ten counts, but for our present purposes we shall consider only the claims, as distinguished from the "causes of action" stated therein.

The defendant filed an answer in which it pleaded as an affirmative defense that the prosecution of the respective claims is barred by the statute of limitations.[1] The plaintiffs filed a motion to dismiss each of the separate "Defenses" in which the said defense is raised. The ultimate question presented for our determination at this time appears to be novel. The law of this State is determinative of the question, but we have found no cases in which the question has been decided by the courts of this State.

It is the contention of the plaintiffs that the statute of limitations may not be invoked by the defendant, a foreign corporation authorized to do business in this State. This contention is predicated on the pertinent provisions of the statute of limitations, R.S. 2:24–7, N.J.S.A. 2:24–7, which read as follows: "If any person against whom there is or may be a cause of action specified in sections 2:24–1, 2:24–2, * * * of this title is not a resident of this state when such cause of action accrues, * * *, the time or times during which such person is not residing within this state shall not be computed as a part of the periods of time within which such actions are required to be commenced by said sections; and the person entitled to any such action may commence the same after the accrual of the cause therefor, within the periods of time limited therefor by said sections, *Exclusive Of Such Time Or Times Of Nonresidence."* (Emphasis by the Court.) The construction of these provisions, and the amendment thereto hereinafter discussed, is determinative of the ultimate question.

There are two arguments advanced by the defendant in opposition to the motion; first, that it was a resident of this State for all legal purposes when the causes of action accrued and thereafter; and second, that a corporation is not a "person" within the meaning of the statute. We cannot agree with either argument.

The first argument rests on the admitted fact that the defendant, although a foreign corporation, was authorized to do business in this State and was amenable to the service of process. This fact is of no avail to the defendant; a foreign corporation remains a resident of the state of its incorporation even though it may hold a certificate of authority to do business elsewhere. It seems reasonably clear that "nonresidence" is the only test of the statute's

---

1. "The right of action set forth in the complaint did not accrue within two years next before the commencement of this action." This defense is raised as a bar to the claim for personal injury. R.S. 2:24–2, N.J.S.A. 2:24–2.

"The right of action set forth in the complaint did not accrue within six years next before the commencement of this action." This defense is raised as a bar to the claim for damages based upon the alleged fraud. R.S. 2:24–1, N.J.S.A. 2:24–1.

applicability; there are no exceptions embodied in the statute. It follows that a foreign corporation, even though authorized to do business in this State and amenable to the service of process, is not exempt from the provisions of the statute. See Cramer v. Borden's Farm Products Co., D.C., 58 F.2d 1028; Kuboosh v. Allied Stores Corp., D.C., 79 F.Supp. 205. Any doubt as to the applicability of the statute is dispelled upon a consideration of the amendment hereinafter quoted.

■ The second argument, to wit, that a corporation is not a "person" within the meaning of the statute, is likewise without merit. The answer to the argument is found in the Revised Statutes, and particularly R.S. 1:1–2, N.J.S.A. 1:1–2, wherein the term "person" is defined as follows: "The word 'person' includes corporations," etc., "as well as individuals, unless restricted by the context to an individual as distinguished from a corporate entity * * *." There is no restriction in the context of the statute here in question.

■ It is further contended by the defendant that the amendment of 1949, effective May 18, 1949, gives "recognition" to the latter argument. We fail to find any support for this contention in the language of the amendment. The amendment reads as follows: "If any person against whom there is or may be a cause of action specified in sections 2:24–1, 2:24–2, * * * of this Title is not a resident of this State when such cause of action accrues, * *, *or if any corporation not organized under the laws of this State, against whom there is or may be such a cause of action, is not represented in this State by any person or officer upon whom summons or other original process may be served,* when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person is not residing within this State or *such corporation is not so represented within this State*

shall not be computed as part of the periods of time within which such actions are required to be commenced by said sections; and the person entitled to any such action may commence the same after the accrual of the cause therefor, within the periods of time limited therefor by said sections, exclusive of such time or times of nonresidence or *nonrepresentation.*" (Emphasis by the Court.)

■ It is our opinion that the obvious purpose of the amendment was to impose a limitation upon the applicability of the particular statutory provisions, a limitation not contained therein theretofore. The original statute denied all foreign corporations, including those authorized to do business in this State and amenable to the service of process, the benefit of the statute of limitations. The amendment was designed to "correct the situation.[2]" The statute as amended may now be invoked only against foreign corporations not amenable to the service of process; it may not be invoked against foreign corporations amenable to the service of process.

■ The enforcement of the claims asserted in the complaint is not barred by the statute of limitations unless the amendment is construed as retroactive. Such a construction, however, is not consistent with recognized principles. It is an established rule, followed by the courts of this State, that a statute may not be construed as retroactive unless the language thereof admits of no other construction. Citizens' Gaslight Co. v. Alden, 44 N.J.L. 648, 653; Frelinghuysen v. Town of Morristown, 77 N.J.L. 493, 72 A. 2; Nugent v. Cahill, 133 A. 420, 4 N.J.Misc. 504; affirmed 103 N.J.L. 499, 135 A. 919; Wittes v. Repko, 107 N.J.Eq. 132, 151 A. 850; Allord v. Henry Muhs Co., 163 A. 97, 10 N.J.Misc. 1230, affirmed 111 N.J.L. 237, 168 A. 298; Burdett v. Municipal Employees Pension Commission, 129 N.J.L. 70, 28 A.2d 93. The statute must be construed as prospective unless it is made

2. "Introductory Statement: Foreign corporations licensed to do business in New Jersey are now deprived by judicial construction of the benefit of the statute of limitations. The purpose of this bill is to correct that situation. New York State found it necessary to make a similar change in its laws in view of recent court decisions." New Jersey Law Service, 1949, No. 3, page 202.

retrospective by its express language or a clear legislative intent.

The motion to dismiss the separate "Defenses" here in question is granted. The attorneys for the plaintiffs will prepare and submit, on notice to the attorneys for the defendant, a proper order.