Samuel C. Coleman, J.
The plaintiff, a resident of New Jersey, sues the defendant, a New York corporation, on a cause of action in negligence which arose in New Jersey. The *824 action was brought within three years from, the time the cause of action accrued but more than two years after the date of accrual. The New Jersey Statute of Limitations for such an action is two years (N. J. S. 2A:14-2). The question before me is whether for reasons stated below the cause of action is in fact barred by New Jersey law and so barred in our courts (Civ. Prac. Act, § 13).
The question arises from the fact that until 1949 a corporation foreign to New Jersey, sued in its courts, could not plead the defense of the Statute of Limitations; this, on the theory that no matter how extensive its actual operations in the State, being foreign it was not “ there ” and the Statute of Limitations did not begin to run against it. (Cf. Cramer v. Borden’s Farm Prods. Co., 58 F. 2d 1028; and, see, Heinzelman v. Union News Co., 191 Misc. 267, affd. 275 App. Div. 931, affd. 300 N. Y. 444.) To which the defendant answers that the New Jersey law was changed by an amendment to its statutes in 1949 providing that: “ If any person against whom there is or may be a cause of action [of the nature involved here] * * * is not a resident of this state when such cause of action accrues * * * or if any corporation not organized under the laws of this state, against whom there is or may be such a cause of action, is riot represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person is not residing within this state or such corporation is not so represented within this state shall not be computed as part of the periods of time within which such actions are required to be commenced by said sections”. (R S. Cum. Supp. 2:24-7.)
In 1941 the defendant qualified to do business in New Jersey and at that time designated a corporation of New Jersey as its agent upon whom service could be made; that designation has been effective ever since. It is conceded by the plaintiff that, if, at any time within the two-year period from the date his cause of action accrued, service had been made upon this corporate representative, that service would have bound the corporation. That should be enough, it seems to me. But, says the plaintiff, the 1949 amendment which removed the disability upon the defendant to plead the Statute of Limitations is-operative only where a representative was appointed after the date of the amendment. I -cannot accept this gloss upon the statute. No New Jersey decision apparently so holds; and a United States -District Judge in New Jersey has said that “ the amendment was designed to ‘ correct the situation ’ ”. (Kenny *825 v. Duro-Test Corp., 91 F. Supp. 633, 635.) Nor is this gloss called for by the language of the statute. The amendment, in so many words, permits a plea of the Statute of Limitations where it was not theretofore .available to the corporation when it is represented “by any person or officer upon whom summons or other original process may be served ’ ’. The cause of action here accrued in 1950 and the defendant throughout the two-year period has been represented by someone upon whom process may be served. The statute so far as the plaintiff is concerned is entirely prospective and we are not concerned with the question present in the Kenny case (supra) where the cause of action accrued before 1949.
The plaintiff also asserts that a corporate representative cannot be a “ person or officer ’ ’ within the meaning of the 1949 amendment. I see no reason why that should be so; having in mind the situation sought to be corrected, the very fact that the corporate representative has been considered a representative for the purpose of receiving service since 1941 should be enough to dispose of this contention.
The defendant was, at all times, subject to process within New Jersey and had the action been brought there when this action was brought here, it would have been defeated by a plea of the Statute of Limitations. The action, therefore, was brought too late in New York and the complaint is dismissed.