**Mrs. Myrtle DOTEN, Plaintiff,**

v.

**John H. HALBY and Radio Corporation of America, Inc., Defendants.**

**Civ. A. No. 742.**

United States District Court
E. D. Tennessee,
Winchester Division.

Dec. 1, 1965.

---

ingly, is to be deemed a citizen of Tennessee for diversity purposes, 28 U.S.C. § 1332(c), destroying the necessary diversity of citizenship between the plaintiff and this corporate defendant.

This argument is rather ingenious, but the foregoing qualification of a foreign corporation to do business in Tennessee does not render the corporate defendant a Tennessee corporation so as to defeat the diversity jurisdiction of this court, the purpose of the Tennessee General Assembly in enacting Public Acts 1891, ch. 122, § 4, now codified as T.C.A. § 48–907, being merely to bring foreign corporations within the jurisdiction of Tennessee for purposes of taxation. Markwood v. Southern Railway Co., C.C.A. 6th (1895), 65 F. 817; see also 23 Am.Jur. 395, Foreign Corporations, § 388, 18 A.L.R. 136 and 72 A.L.R. 107. Mere domestication of a Delaware corporation by Tennessee does not give such Delaware corporation a legal domicile within Tennessee. Tennessee is powerless to confer, by domestication, any local citizenship on a Delaware corporation which would have the effect of impairing such corporation's rights as a citizen of Delaware. Harrison v. St. Louis & S. F. R. Co. (1914), 232 U.S. 318, 34 S.Ct. 333, 58 L.Ed. 621, 626 (headnote 3), cited in 23 Am.Jur. 398, Foreign Corporations, § 392.

" * * * (F)or purposes of jurisdiction of the Federal courts, based on diversity of citizenship, no citizenship other than that in the state of its origin [or the State where it has its principal place of business] can be asserted either by or against a corporation merely because it has acquired a more or less domestic status in another state by virtue of legislation there which falls short of constituting its members a new corporation, created under the laws of that state. This is the invariable rule where the effect of the legislation is to confer a mere license, permission, or authority to do business in the state or to grant privileges and powers to an existing corporation, without more. * * * " 23 Am.Jur. 399, Foreign Corporations, §

Doyle E. Richardson, Tullahoma, Tenn., for plaintiff.

A. Morris Hayes, Winchester, Tenn., for defendant.

NEESE, District Judge.

This is a diversity action. 28 U.S.C. § 1332. It is stipulated that at the time of the accident herein involved and at the time of the institution of this action: (a) the plaintiff was a citizen of Tennessee, (b) the defendant Mr. Halby was a citizen of New Jersey, and (c) the defendant corporation was incorporated by Delaware, was not incorporated by Tennessee, and had its principal place of business in New Jersey. These stipulated facts are sufficiently supported by the pertinent pleadings, as amended, herein.

The defendant Radio Corporation of America, Inc. now seeks a dismissal of this action against it on the ground that it was at the aforementioned pertinent times qualified to do business in Tennessee under T.C.A. §§ 48–901—48–906, inclusive; is " * * * entitled to all the privileges, rights, immunities, and subject to the liabilities of corporations * * * " incorporated by Tennessee, T.C.A. § 48–907; and, accord-

394, citing Baltimore & O. R. Co. v. City of Parkersburg (1925), 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834, 836 (headnote 3). See also 126 A.L.R. 1510, 23 Am.Jur. 400, Foreign Corporations, § 394, 27 A.L.R.(2d) 756, et seq. and 782–784; Nyberg v. Montgomery Ward Co., D.C.Mich. (1954) 123 F.Supp. 599, 606 [5]; Kenny v. Duro-Test Corp., D.C.N.J. (1950), 91 F.Supp. 633, 634 [1].

For these foregoing reasons, the aforesaid motion of this corporate defendant lacks merit and hereby is

Denied.